## SUPREME COURT.

### MILLER agt. GUNN.

Where in an action for slander the plaintiff obtained verdict and judgment, from which the defendant appealed to the general term; and pending the appeal the defendant died; On a motion to continue the action in the name of the personal representatives of the deceased defendant (*Code*, § 121), *Held*, that although it was not necesssary in respect to the pending appeal; yet that the personal representatives should be allowed to be made parties in reference to a further appeal if they desired.

*Albany Special Term. Motion that action be continued in the name of the personal representatives of the defendant.* The action was for slander. The plaintiffs in April 1851, obtained a verdict and perfected judgment thereon. From this judgment the defendant appealed to the general term, after perfecting his appeal, and before the cause had been argued upon the appeal the defendant died. His personal representatives applied for an order directing the action to be continued in their name.

E. P. COWLES, *for Plaintiff.*

K. MILLER, *for representatives of Defendant.*

Miller agt. Gunn.

HARRIS, Justice.—The objection that there was no necessity for this motion, so far as the pending appeal was concerned, was well founded. The case is analagous to the writ of error at common law, where, if error had not been assigned, the writ abated by the death of the plaintiff in error; but if the death happened after error assigned, the cause proceeded. In such case, the court of review directed judgment to be entered upon its decision, as of a day anterior to the death of the party. So in this very case, since this motion was made, the appeal has been argued at a general term of this court, and the judgment affirmed. The court directed the judgment upon such affirmance to be entered, as of a day previous to the death of the defendant.

But it may be that the personal representatives may wish to appeal from the decision at the general term. How can they do this, without first becoming parties to the action? The 325th section of the Code declares that *any party aggrieved* may appeal, &c. I will not say that this provision is not broad enough to authorize an appeal by the personal representatives without their first being made parties to the suit. But it is certainly more *orderly* for such parties, before appealing, to have an order, under the 121st section, allowing the action to be continued in their name. I think the application is proper, and the motion should be granted.