Duer, J.
The defendant moves to set aside the judgment as irregular, upon two grounds : 1. That the complaint is verified by an affidavit which, although it purports to be made by the plaintiff himself, is sworn to by his attorney; and, 2. That no notice of the assessment of damages by the clerk, was served upon the defendant, or his attorney.
The first objection may be at once dismissed. The defect in the verification rendered it a nullity, but had no effect on the validity of the judgment. It merely relieved the defendant from the necessity of answering under oath.
The second objection, however, I think has not been answered. It is proved, and is not denied, that the defendant obtained an order extending the time to answer, founded upon an affidavit, stating the name of the attorney whom he had employed, and his absence from the" city, and that a copy of the order, and of the affidavit, were duly served upon the plaintiff’s attorney. By the service thus made, the plaintiff was informed that the action was meant to be defended, and that the defendant had employed an attorney for that purpose; and, I cannot doubt, that the information so given, was equivalent to a formal notice of appearance in the action. The defendant was, therefore, entitled, under § 246, sub. 1, of the Code, to four days’ notice of the assessment by the clerk, of the amount claimed to be due, and as no such notice was given, either to the defendant or his attorney, the assessment, and the judgment founded upon it, were irregular, and the motion for setting them aside must be granted.
There is another objection to the regularity of the assessment, to which, without meaning to decide it, I shall briefly advert. It appears from the complaint, that the action is founded upon a promissory note, payable, not absolutely, but upon a condition, namely, the sale, by the defendant, of certain property then in his hands. It may be doubted, whether such a note is *650 an instrument for the payment of money only, within the meaning of § 246, and, consequently, whether the clerk, when he assessed the amount due, ought not to have required proof that the contingency, upon which the defendant’s liability depended, had in fact occurred.
Judgment set aside, with costs.
Oakley, Ch. J., concurred. '