Warren *v.* Eddy.

The allegations are, that when the first bill of goods was bought, the defendant said he was worth $20,000; when the second bill was bought, that he was worth $15,000. Assuming that the defendant made those representations, did he make them from a mistaken opinion as to what he was worth; or did he know at the time that he was insolvent; and did he, knowing this, make them with intent to defraud the plaintiffs?

In my opinion, the circumstances alleged in the affidavits upon which the order of arrest was granted, are very slight to show the fraudulent intent; and these circumstances, slight as they are, are satisfactorily explained by the affidavits on which the motion to vacate the order of arrest was made.

The order of the special term should be reversed, with ten dollars costs.

[NEW YORK GENERAL TERM, November 5, 1860.    *Sutherland, Hogeboom* and *Bonney,* Justices.]

---

## WARREN *vs.* EDDY, impleaded, &c.

An order for affirmance, by default, founded upon a notice of argument addressed to and served upon the attorney of a defendant, after the death of the latter, and after the attorney for the appellant has been notified of his death, is irregular.

If the personal representative of the deceased defendant is a non-resident, so that the action cannot be revived in his name, the proper course of the plaintiff, if he desires to prosecute the appeal, after receiving notice of the death of the defendant, and that his administrator intends to abandon the appeal, is, to have an administrator appointed here, and then apply to have the action revived in the name of the latter.

Whether the general term, where a *case* has been made, on appeal, will get possession of the appeal, so as to be able to *affirm* the judgment, before the case has been filed or served? *Quære.*

Warren *v.* Eddy.

APPEAL from an order made at a special term, setting aside a judgment of affirmance.

*Mr. Garvin,* for the defendant and respondent.

*E. P. Clark,* for the plaintiff and appellant.

*By the Court,* SUTHERLAND, J.   I think the order of the general term affirming the judgment, and the judgment of affirmance entered thereon, were made and entered irregularly, and that the order of the special term appealed from, setting aside the judgment of affirmance, should be affirmed.

The notice of argument for the February general term, 1860, was addressed to and served upon J. W. Culver, as the attorney for the defendant Daniel F. Eddy, long after the death of the latter, and after the attorney for the appellant had been notified of his death.

At the time of the service of the notice, J. W. Culver could not act for a dead man, and he had no authority to act for or represent his estate.

The order of the general term for affirmance by default, founded on such notice, was therefore irregular, inasmuch as it was made without notice to any one representing the estate or interests of Daniel F. Eddy's estate.   His personal representative was a non-resident, and the action could not therefore have been revived in his name; but the plaintiff, if he desired to prosecute the appeal, after he received notice of the death of Eddy, and that his foreign administrator intended to abandon the appeal, could have had an administrator appointed here, and then he could have applied to have the action revived in the name of such domestic administrator.   I see no other way in which he could regularly obtain a judgment of affirmance, after the death of Eddy.

There is doubt, too, as the case was never served or filed, whether the general term ever got possession of the appeal, so as to *affirm* the judgment.   The general term could of

Warren *v.* Eddy.

course dismiss the appeal for the non-service of the case, but whether they can affirm the judgment, *where a case has been made*, before the case has been either filed or served, is, to say the least, doubtful.    (*See Hunt* v. *Bloomer*, 3 *Kern.* 341; *Pope* v. *Dinsmore*, 29 *Barb.* 367.)    But it is not necessary to decide that question in this case.    I think the order of the special term should be affirmed, with $10 costs on the first point alone.

[NEW YORK GENERAL TERM, November 5, 1860.    *Sutherland, Hogeboom* and *Bonney*, Justices.]