## BLACK *v.* SHAW.

THE death of an appellant after argument of his case upon appeal does not constitute any ground for delaying a decision or departing from the ordinary course of procedure, except as to the entry of the judgment which may be rendered. The entry should be of a day anterior to the appellant's death.

The rule is different if the death occur previous to the argument; in that event, further proceedings can only be had upon leave given after suggestion of the death is made.

Where, after the death of the appellant, the appellate Court not being aware of the death, render a judgment of affirmance, upon subsequent suggestion of the fact the judgment will be vacated, and a judgment of affirmance rendered as of a day previous to the death *nunc pro tunc.*

APPEAL from the Third Judicial District.

The facts material to the points decided are stated in the opinion.

*A. Williams & S. Heydenfeldt,* for Appellant.

*Irving & Pate,* for Respondents.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

This case was argued at the July term, 1861, and on the thirtieth of December following, judgment was rendered affirming the order appealed from. After the argument, but before the decision, the appellant Shaw died; and parties claiming to be interested in the property affected by the order now ask that the judgment may be vacated, the remittitur recalled, and a rehearing granted.

The death of an appellant after argument of his case upon ap-

peal does not constitute any ground for delaying a decision or departing from the ordinary course of procedure, except as to the entry of the judgment which may be rendered. The entry should be of a day anterior to the appellant's death. (*King* v. *Dunn*, 21 Wend. 253 ; *Campbell* v. *Mesier*, 4 John's Ch. 335 ; and *Miller* v. *Gunn*, 7 How. Pr. Rep. 159.) The rule is different if the death occur previous to the argument. In that event, further proceedings can only be had upon leave given, after suggestion of the death is made.

In the present case, we were not aware of the death of the appellant at the time the judgment was rendered. The entry must therefore be corrected. As the death took place on the thirteenth of December, 1861, the judgment rendered must be vacated and set aside, and a judgment of affirmance entered as of the twelfth of December *nunc pro tunc.*

Ordered accordingly.