# C. B. Donaghy & Co. *et al. v.* Mrs. S. V. McCorkle.

## (*Nashville.*   December Term, 1906.)

1. **PROCESS.**   Service of, waived by conduct of defendant.

   A defendant who appeared by appealing from the judgment of a justice of the peace against him, by signing the appeal bond, and by taking the benefit of several continuances by consent in the circuit court, and who moved to dismiss his appeal after the evidence was heard at the trial, cannot avail himself of the fact that he was not served with process.

2. **PRACTICE.**   Appeal to circuit court may be dismissed, when.

   A defendant, appealing to the circuit court from the judgment of a justice of the peace, is entitled to dismiss his appeal after the introduction of the evidence on the trial in the circuit court and while the judge is charging the jury.

   Case cited and distinguished:   Greer v. Williford, Peck, 290.

   Case cited and approved:   Railroad v. Sansom, 113 Tenn., 683.

3. **SAME.**   Judgment on dismissal of appeal in circuit court.

   Where an appeal from the judgment of a justice of the peace is dismissed in the circuit court on motion of the appellant, the circuit court, having jurisdiction, should affirm the judgment, with costs.

   Code cited:   Sec. 4876 (S.); sec. 3861 (M. & V.); sec. 3145 (1858).

   Case cited and approved:   Anderson v. Moore, 4 Baxt., 16.

4. **SUPREME COURT.**   Will correct error of circuit court refusing to dismiss appeal.

   Where the circuit court erroneously refused to dismiss an appeal from the judgment of a justice of the peace on motion by appellant, the supreme court will render such judgment as the

circuit court should have rendered, that is, dismiss the appeal and affirm the judgment of the justice of the peace, with costs.

Code cited:   Sec. 4902 (S.); sec. 3886 (M. & V.); sec. 3167 (1858).

### FROM MONTGOMERY.

Appeal in error from the Circuit Court of Montgomery County.—B. D. BELL, Judge.

SAVAGE & FORT, for Donaghy & Co. et al.

W. M. PONDER and F. G. GILBERT, for McCorkle.

MR. JUSTICE NEIL delivered the opinion of the Court.

This action was brought originally, before a justice of the peace, by the defendant in error, against C. B. Donaghy & Co. and W. J. Oliver & Co., to recover damages for an injury inflicted upon the lands, fencing, and orchard of Mrs. McCorkle, during the construction of the Tennessee Central Railroad; the injury arising from the casting of rock and clay upon the land, as the result of blasting operations with dynamite and powder.  It appears that about three acres of the land were practically ruined by the deposition of rock and clay upon it, that the orchard was ruined, and that a considerable amount of fencing was destroyed.

The justice of the peace rendered a judgment in favor of Mrs. McCorkle for $110 and the costs of the suit, on

the 22d of January, 1904.    From this judgment Dona-
ghy & Co. and W. J. Oliver & Co. prayed an appeal to
the circuit court of Montgomery county; both parties
signing the bond.

In the circuit court the cause was brought to trial on
the 24th and 25th days of October, 1906.    After all of
the evidence had been heard, and while the judge of the
circuit court was charging the jury, W. J. Oliver & Co.
moved the court for leave to dismiss their appeal. This
motion, however, was denied, and his honor resumed his
charge.

The trial in the circuit court resulted in a judgment
of $350 against both of the defendants.    W. J. Oliver
& Co. moved for a new trial, assigning numerous
grounds.    The motion was overruled, and thereupon
they took a bill of exceptions, and prayed and were
granted an appeal to this court.

Numerous errors have been assigned, but, in the view
we take of the case, it will be necessary to consider only
two of these:

1.    It is insisted in behalf of W. J. Oliver & Co. that
they were not served with process; and hence the whole
proceeding was void as to them.    It is only necessary to
say, in respect of this matter, that it is now too late to
make the point.    They not only appeared in the cause,
by appealing from the judgment of the justice of the
peace, and signing the appeal bond, and taking the bene-
fit of several continuances by consent, shown upon the
record; but, in addition to all of this, they made the mo-

tion to dismiss their appeal, already referred to. The assignment covering this point must therefore be overruled.

2. It is insisted that the circuit judge erred in refusing to grant the motion to dismiss the appeal. We think this assignment is well taken.

His honor gave as a reason for the refusal that the motion came too late. This objection is also urged in the brief of counsel for defendant in error. After a very extensive examination of the question, we are unable to find, in our statutes or in our decisions, anything to support the action of the circuit judge. The rule applicable on motions to dismiss by the appellee (*Greer* v. *Williford,* Peck, 290), does not apply to motions made by the appellant to dismiss his own appeal. The prevailing rule upon the latter subject elsewhere is thus laid down in 2 Enc. of Pl. & Pr., p. 351: "It is the general rule that the appellant may have his own appeal dismissed at any time while the cause remains within the jurisdiction of the appellate court. The appellee is entitled to costs on such a dismissal, but cannot object, nor is his consent required." The authorities cited in a note to above text are *Warren* v. *Eddy,* (N. Y.), 13 Abb. Pr., 28; *Cloud* v. *Wiley,* 29 Ark., 81; *Latham* v. *United States,* 9 Wall., 145, 19 L. Ed., 771. To these authorities we may add *Diffenderffer* v. *Hughes,* 7 Har. & J. (Md.), 3; *Newson's Adm'r* v. *Douglass,* 7 Har. & J. (Md.), 417, 16 Am. Dec., 317. In these

cases it is held that an appellant may dismiss his appeal at any time before judgment is rendered, even after the opinion of the court is delivered.

It is insisted by counsel for the defendant in error that to grant the appellant's motion to dismiss at so late a stage of the cause would be to permit a litigant to experiment and trifle with the court. The same argument might be used concerning the nonsuit that may be taken by a plaintiff in a cause; but the practice is firmly fixed in this state by statute and decision. *N., C. & St. L. Ry.* v. *Sansom,* 113 Tenn., 683, 84 S. W., 615, and sections of the Code cited therein.

Upon dismissal of an appeal from the judgment of the justice of the peace, it is the duty of the circuit court to affirm the judgment of the justice. Shannon's Code, section 4876. Of course, this rule does not apply where the court has no jurisdiction. See note to that section, and also *Anderson* v. *Moore,* 4 Baxt., 16.

The circuit judge should therefore have granted the appellant's motion to dismiss the appeal, and should have rendered a judgment, affirming the judgment of the justice of the peace. For his failure to do this, we must reverse the judgment of the circuit court. Upon such reversal, it is the duty of this court to render such judgment as the circuit court should have rendered. Shannon's Code, section 4902.

Judgement will therefore be entered here in favor of Mrs. McCorkle against W. J. Oliver & Co. for $110,

with interest from January 22, 1904, and for all the costs of the proceedings before the justice of the peace, and all the costs of the circuit court. Judgment will be rendered in favor of W. J. Oliver & Co. against Mrs. McCorkle for the costs of the appeal.