G. H. ARPY, Appellee, v. IOWA BRICK MANUFACTURING COMPANY, Appellant.

**Voluntary dismissal of action:** NEW TRIAL. A plaintiff may dismiss his cause of action without prejudice at any time before submission of the case, and even after the court has indicated an intention to direct a verdict for defendant; and refusal of the court to permit a dismissal of the action is ground for setting aside the verdict. And where, as in this case, it did not appear that simply setting aside the verdict would place the parties *in statu quo* it was proper to also grant a new trial.

*Appeal from Polk District Court.*—Hon. Hugh Brennan, Judge.

Tuesday, March 14, 1911.

Action for personal injuries. At the close of plaintiff's evidence, the trial court directed a verdict. Later plaintiff's motion for a new trial was sustained. From such order granting a new trial, the defendant has appealed.—*Affirmed.*

*Clark & Hutchinson,* for appellant.

*E. A. Lingenfelter,* for appellee.

Evans, J.—The argument of appellant has taken a wide range and is directed to the proposition that the plaintiff failed to make a case, and that the verdict against him was properly directed. It is further argued that the order granting a new trial was therefore necessarily erroneous.

It appears, however, that, while the motion for a directed verdict was under discussion between court and counsel in the trial court, plaintiff's counsel announced his desire to dismiss his case without prejudice. For some reason, not apparent in the record, the trial court refused to permit it. Notwithstanding such announcement by plaintiff's counsel, the trial court directed a verdict against him and entered judgment thereon on the merits. Thereafter the plaintiff filed a motion to set aside the verdict and for a new trial; and one ground of such motion was based upon the action of the court above stated. The action of the court in refusing to permit plaintiff to dismiss his case was clearly erroneous. *Oppenheimer v. Elmore,* 109 Iowa, 196. This was sufficient of itself, therefore, to justify the later action of

the court in setting aside the verdict and granting a new trial.

It is argued by appellant that, even though the court properly set aside the verdict, it should not have granted a new trial. It is urged that it should have entered the dismissal originally asked for by the plaintiff, and that such an entry would have restored the *status quo* of the parties when the error was committed. Without passing upon the question whether such an entry would be proper practice under any circumstances, it is sufficient to say that it does not appear in this record whether such an entry would have restored the *status quo* of the parties or not. If the statute of limitations had completed its course in the meantime, such an entry would fail signally to restore the *status quo* of the parties, or to cure the error of the court. In view of the record, we think the trial court acted clearly within its discretion in granting a new trial. In view of another trial, we withhold all discussion on the merits of the case. Other evidence may be produced at the second trial.

The order granting a new trial is therefore *affirmed.*