JAMES C. MALONE, APPELLANT, v. THE ERIE RAILROAD COMPANY, RESPONDENT.

Submitted March 22, 1917—Decided June 1, 1917.

When a judge is trying a case with a jury, his opinion as to the sufficiency of the plaintiff's proofs, whether communicated to counsel or not, does not deprive the plaintiff of his right to submit to a voluntary nonsuit at any time before the jury has retired to consider its verdict or the judge has commenced to address the jury for the purpose of directing a verdict.

On appeal.

Before Justices GARRISON, PARKER and BERGEN.

For the appellant, *Thomas J. Brogan.*

For the respondent, *Collins & Corbin.*

The opinion of the court was delivered by

GARRISON, J. This was an action for damages for the negligent transportation of skins whereby they heated and were in part spoiled.

A motion to direct a verdict was made during the argument, of which the court several times gave expression to a view of the case favorable to the granting of the motion, and when these expressions had reached a point that satisfied counsel for the plaintiff that in the view of the court his evidence was not sufficient to make a case for the jury, he said to the court that he would take a nonsuit. This right the court denied him, and after an exception had been taken to this ruling, the court addressed the jury and directed them to render a verdict for the defendant.

We think that it was error to deny the plaintiff's motion to submit to a voluntary nonsuit made before the jury had retired to consider its verdict and at a time when it had not been directed what verdict to render.

Section 160 of the Practice act takes away this right only "after the jury have gone from the bar to consider their verdict." This applies to District Courts. *Greenfield* v. *Cary,* 70 *N. J. L.* 613; *Ciesmelewski* v. *Domalewski, ante p.* 34.

In this latter case there was no jury and the judgment pronounced by the court was in effect after the consideration of its verdict.

*Wolf Company* v. *Fulton Realty Co.,* 83 *N. J. L.* 344, was also a case tried without a jury, and the judge had begun to announce his decision, which, of course, assumed that the jury element in the court had considered its verdict.

Mr. Justice Swayze, in this case, said that the situation was closely analogous to one where the trial judge has directed the jury to render a verdict for the defendant, but the verdict has not in fact been rendered, in which situation the plaintiff has no right to submit to a nonsuit, citing *Dobkin* v. *Dillmers,* 76 *N. J. L.* 235.

The theory of this line of cases is that when the jury has been directed as to its verdict no consideration by the jury is contemplated, hence the offer to submit to a nonsuit comes too late. The essential feature of these decisions is the legal effect of a binding instruction delivered by the court to the jury. The attempt in the present case is to give to the opinion expressed by the judge to counsel during the argument of the defendant's motion for a direction the same effect that the cases cited give to a judicial direction to the jury to render a verdict for the defendant.

The confusion of these two totally different things loses sight of the fact that at common law where compulsory nonsuits were unknown voluntary nonsuits were based upon the communication to counsel of the judge's opinion adverse to the plaintiff. So far, therefore, from such a communication preventing the plaintiff's submission to a voluntary nonsuit it normally led to it.

In the early case of *Runyon* v. *Central Railroad Co.,* 25 *N. J. L.* 556, while our practice as to nonsuits was still in the making, this court said: "The counsel did, indeed, resist the motion below, and the question, whether the plaintiff had made a case which entitled him to recover, was fully argued; but after the court had given the opinion that the plaintiff ought to suffer a nonsuit, he did not insist upon his right to have the matter submitted to the jury. In such case the party is considered as, technically, suffering a voluntary nonsuit."

There is nothing in our judicial rule as to compulsory nonsuits that alters the common law right to submit to a voluntary nonsuit; if that right has been abridged it is by our statute, which preserves the right until the jury has retired to consider its verdict or some judicial action has been taken, the legal effect of which is to control the action of the jury.

It results, therefore, that when a judge is trying a case with a jury his opinion as to the sufficiency of the plaintiff's proofs, whether communicated to counsel or not, does not deprive the plaintiff of the right to submit to a voluntary nonsuit at any time before the jury has retired to consider its verdict or the court has addressed the jury for the purpose of directing its verdict.

It may well be that when the judge has commenced to address the jury for the purpose of directing a verdict for the defendant, he cannot be interrupted by counsel for the plaintiff. That question does not arise in this case, where the court had not commenced to address the jury, but had expressed his opinion in a running colloquy with counsel.

Having reached the conclusion that there was legal error in the denial of the plaintiff's right to take a voluntary nonsuit, there must be a reversal of the judgment of the District Court and the award of a *venire de novo*.