H. W. DARBY *v.* PIDGEON THOMAS IRON CO.

*(Jackson,* April Term, 1921.)

DISMISSAL AND NONSUIT. Plaintiff may take nonsuit "at any time before the jury retires," though motion for directed verdict sustained.

Under Shannon's Code, section 4689, providing that the plaintiff may, "at any time before the jury retires," take a nonsuit, plaintiff may take a nonsuit after a motion for a directed verdict has been sustained; "at any time before the jury retires" meaning before the jury has "begun to consider of their verdict."

Cases cited and approved: Partlow v. Elliott, 19 Tenn., 547; Railroad v. Sanson, 113 Tenn., 683; Donaghy v. McCorkle, 113 Tenn., 77; Dodd v. Railroad, 120 Tenn., 446; Cunningham v. Terminal Co., 126 Tenn., 356; Hendrick v. Stewart, 1 Tenn., 476; Brackin v. McGannon. 137 Tenn., 207; Spankle v. Meyernick. 4 Tenn., Civ. App., 515; Daube v. Kuppenheimer, 272 Ill., 350; Haile v. Mason Hotel Co., 71 Fla., 469; Arpy v. Iowa Brick Mfg. Co., 150 Iowa, 431; Malone v. Erie R. R. Co., 90 N. J. Law. 350; Hall v. Chess & Wymond Co., 131 Ark.. 36; Gulf & S. I. R. Co. v. Williams, 109 Miss., 429; Van Sant v. Wentworth, 60 Ind. App., 591; Chicago, M. & St. P. Ry. Co. v. Metalstaff et al., 101 Fed., 769.

Cases cited and disapproved: Turner v. Pope Motor Car Co., 79 Ohio St. 153; Barrett v. Virginia Ry. Co., 244 Fed. 397; Bee Building Co. v. Dalton. 68 Neb., 38.

Code cited and construed: Sec. 4689 (S.).

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the

Court of Civil Appeals from the Supreme Court.—Hon. H. W. Laughlin, Judge.

Wilson & Armstrong, for plaintiff in error.

Ewing, King & King, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

Mr. Darby sued the Iron Company for damages resulting from an automobile collision.

At the conclusion of the plaintiff's evidence a motion for a directed verdict was made by the defendant company. Thereupon plaintiff introduced other evidence, at the close of which the court remarked: "Well, the evidence is not sufficient. The motion will have to be sustained." Whereupon the plaintiff announced that he would take a nonsuit, to which the court replied: "It is too late now, Brother Hays." To this action of the court the plaintiff duly excepted.

The jury was out of the courtroom during all of the foregoing proceedings.

After declining to permit the plaintiff to take a nonsuit, the court had the jury brought into the courtroom, and thereupon directed them to return a verdict in favor of the defendant, which they did.

Upon appeal, the court of civil appeals reversed the case upon the facts. That court also affirmed the trial court in declining to permit a nonsuit—Justice Wilson dissenting as to the latter holding.

Both parties have filed petitions for *certiorari* in this court.

If the plaintiff had a right to take a nonsuit, the case will have to be remanded, and in that' event it will be unnecessary for us to pass upon the merits of the case.

Section 4689 of Shannon's Code is as follows: ''The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants, but if the defendant has pleaded a set-off or counterclaim, he may elect to proceed on such counterclaim in the capacity of a plaintiff.''

The plaintiff's right to take an involuntary nonsuit is absolute, and cannot be denied him when applied for within the time prescribed by the statute. *Partlow* v. *Elliott,* Meigs, 547.

In a jury case the plaintiff may take a nonsuit ''at any time before the jury retires''—that is, before the jury has begun ''to consider of their verdict''—but not thereafter. *Railroad* v. *Sansom,* 113 Tenn., 683, 84 S. W., 615; *Donaghy* v. *McCorkle,* 118 Tenn., 77, 98 S. W., 1050; *Dodd* v. *Railroad,* 120 Tenn., 446, 110 S. W., 588; *Cunningham* v. *Terminal Co.,* 126 Ten., 356, 149 S. W., 103, Ann. Cas., 1913E, 1058.

Certainly in this case the jury had not begun to consider of their verdict when the motion for a nonsuit was made. The jury were out of the courtroom and had not been charged by the court. We are of the opinion that the plaintiff's motion for a nonsuit was in season and should have been granted.

Before the passage of the above statute a nonsuit could be taken after the verdict and before it was recorded. *Hendrick* v. *Stewart,* 1 Overton, 476; *Railroad* v. *Sanson, supra; Dodd* v. *Railroad, supra.*

In the case of *Brackin* v. *McGannon,* 137 Tenn., 207, 192 S. W., 922, a motion for a directed verdict had been made. After the motion had been argued at some length, the court suggested that he was of the opinion that the motion would have to be sustained, but adjourned court until another day of the term, in order to give counsel an opportunity to examine authorities and to further consider the motion. Upon the reconvening of court, and before the court had acted on the motion of defendant, the plaintiffs moved the court to permit them to take a nonsuit, which motion was disallowed by the trial judge, and upon appeal this court said:

"It will be observed that section 4689, *supra,* provides that plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action. . . . It is also settled by the decisions of this court that a motion for peremptory instructions, even where made by both parties to the suit, does not operate to withdraw the case from the jury. Such a motion simply has the effect of calling upon the trial judge to determine whether there is any substantial conflict in the evidence, and if he decides there is no substantial conflict, he then directs the jury to return a verdict in accordance with the law as applied to the undisputed facts. . . .

"The right to take a nonsuit is a right given by statute to plaintiff, and is such a right, when duly exercised, as cannot be taken from him by the defendant by the making of a motion for a directed verdict." *Sprankle* v. *Meyernick,* 4 Tenn. Civ. App., 515.

Under similar statutes in other jurisdictions the courts, with few exceptions, hold that a plaintiff has a right to take a nonsuit after a motion for a directed

verdict has been sustained. 18 Corpus Juris, 1156; *Daube* v. *Kuppenheimer*, 272 Ill., 350, 112 N. E., 61; *Haile* v. *Mason Hotel Co.*, 71 Fla., 469, 71 South 540; *Arpy* v. *Iowa Brick Mfg. Co.*, 150 Iowa, 431, 130 N. W., 393; *Malone* v. *Erie R. R. Co.*, 90 N. J. Law, 350, 101 Atl., 415; *Hall* v. *Chess & Wymond Co.*, 131 Ark., 36, 198 S. W., 523; *Gulf & S. I. R. Co.* v. *Williams*, 109 Miss., 429, 69 South, 215; *Van Sant* v. *Wentworth*, 60 Ind. App., 591, 108 N. E., 975; *Chicago M. & St. P. Ry. C.* v. *Metalstaff et al.*, 101 Fed., 769, 41 C. C. A., 669.

Other cases could be cited to the same effect.

Contra: *Turner* v. *Pope Motor Car Co.*, 79 Ohio St., 153, 86 N. E., 651; *Barrett* v. *Virginia Ry. Co.*, 244 Fed., 397, 157 C. C. A., 23; *Bee Building Co.* v. *Dalton*, 68 Neb., 38, 93 N. W., 930, 4 Ann. Cas., 508.

It results that both petitions for writs of *certiorari* will be granted. The judgment of the court of civil appeals will be reversed, and the case will be remanded to the circuit court of Shelby county for the purpose of entering a nonsuit.

The plaintiff will pay the costs incurred in the trial court, and the defendant will pay the costs of the appeal.