B. W. and J. M. COCKE, etc., v. C. G. TAYLOR, Administrator of Estate of J. W. ANDERSON, Deceased.

Western Section. December 17, 1931.

Petition for Certiorari denied by Supreme Court, April 4, 1931.

Caruthers Ewing, Jr., of Memphis, for defendant in error.
Ewing, King & King, of Memphis, for plaintiff in error.

OWEN, J. C. G. Taylor, Administrator of J. W. Anderson, instituted a suit against B. W. Cocke and son, the defendants, in the Circuit Court of Shelby county for five hundred dollars damages.

It was averred in the declaration that the plaintiff's intestate lost his life through the negligence of the defendants, who were contractors, and who had employed plaintiff's intestate and had failed to provide him with safe materials with which to work. The defendants filed a plea of not guilty.

It appears that after the declaration was filed the plaintiff secured the services of another attorney, who made a motion to dismiss this case, at the request of plaintiff. Thereupon, while said motion was pending, the Fidelity & Casualty Company filed a petition seeking to become a party to this suit, and in its said petition made the following allegations, to-wit:

"1. That it is engaged in the writing of insurance policies and among others, wrote a liability policy for the above styled defendant B. W. Cocke & Son, and further that said policy was in force on October 23, 1929.

"2. That J. W. Anderson was working for B. W. Cocke & Son when he was killed on or about October 23, 1929.

"3. That pursuant to the provisions of its contract of insurance with B. W. Cocke & Son it handled the settlement of the claim for damages for the said J. W. Anderson's death with C. C. Taylor, administrator, and L. O. Anderson the son and sole heir of the deceased.

"4. That the said administrator and said heir agreed with a representative of your petitioner that $500 should be paid by your petitioner in full and complete settlement of all claims against B. W. Cocke & Son arising out of the death of J. W. Anderson.

"5. That a part of said agreement was that the settlement should be put through the court and made a part of the court record by the filing of an order settling the case.

"6. That pursuant to said agreement a declaration was filed in the above styled case and pleas to the declaration were filed. That before the case could be assigned to a court and an order entered your petitioner was notified that the said L. O. Anderson had chosen to repudiate his agreement on the grounds of fraud in the procurement and enter suit for damages.

"7. That the said C. G. Taylor administrator, was not in favor of this rescission of the agreement but later upon L. O. Anderson becoming temporarily disabled said he was of opinion that L. O. Anderson should be allowed 'to see what he could get.' "

An order was entered making the Fidelity & Casualty Company a party to this suit, the order reciting that, "said Company is made a party to this suit as much as though they had originally been named in the pleadings."

Following this entry it appears that the plaintiff moved to take a nonsuit, which motion was granted, the plaintiff's suit was dismissed and the plaintiff and his surety were taxed with the cost.

The defendants excepted to the order of the court in allowing a nonsuit on the application of plaintiff, and prayed and were granted an appeal to this court in the nature of a writ of error, and the following assignment of error is made:

"The court erred in the face of the petition of the Fidelity & Casualty Company, in allowing plaintiff and L. O. Anderson, sole heir of the deceased, to rescind and repudiate a valid and binding settlement agreement simply by the taking of a nonsuit."

Section 4689 of Shannon's Code is as follows: "The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants, but if the defendant has pleaded a set-off or counterclaim, he may elect to proceed on such counterclaim in the capacity of a plaintiff."

The plaintiff's right to take a voluntary nonsuit is absolute.

and cannot be denied him when applied for within the time prescribed by the statute. Partlow v. Elliott, Meigs, 547.

In a jury case the plaintiff may take a nonsuit "at any time before the jury retires"—that is, before the jury has begun "to consider of their verdict"—but not thereafter. Railroad v. Sansom, 113 Tenn., 683, 84 S. W., 615; Donaghy v. McCorkle, 118 Tenn., 77, 98 S. W., 1050; Dodd v. Railroad, 120 Tenn., 446, 110 S. W., 588; Cunningham v. Terminal Co., 126 Tenn., 356, 149 S. W., 103, Ann. Cas., 1913E, 1058.

In the case of Brackin v. McGannon, 137 Tenn., 207, 192 S. W., 922, a motion for a directed verdict had been made. After the motion had been argued at some length, the court suggested that he was of the opinion that the motion would have to be sustained, but adjourned court until another day of the term, in order to give counsel an opportunity to examine authorities and to further consider the motion. Upon the reconvening of court, and before the court had acted on the motion of defendant, the plaintiffs moved the court to permit them to take a nonsuit, which motion was disallowed by the trial judge, and upon appeal this court said:

"It will be observed that section 4689, supra, provides that plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action. . . . It is also settled by the decisions of this court that a motion for peremptory instructions, even where made by both parties to the suit, does not operate to withdraw the case from the jury. Such a motion simply has the effect of calling upon the trial judge to determine whether there is any substantial conflict in the evidence, and if he decides there is no substantial conflict, he then directs the jury to return a verdict in accordance with the law as applied to the undisputed facts. . . .

"The right to take a nonsuit is a right given by statute to plaintiff, and such a right, when duly exercised, as cannot be taken from him by the defendant by the making of a motion for a directed verdict." Sprankle v. Meyernick, 4 Tenn. Civ. App., 515.

Under similar statutes in other jurisdictions the courts, with few exceptions, hold that plaintiff has a right to take a nonsuit after a motion for a directed verdict has been sustained. 18 Corpus Juris, 1156; Daube v. Kuppenheimer, 272 Ill., 350, 112 N. E., 61; Haile v. Mason Hotel Co., 71 Fla., 469, 71 South, 540; Arby v. Iowa Brick Mfg. Co., 150 Iowa, 431, 130 N. W., 393; Malone v. Erie R. R. Co., 90 N. J. Law, 350, 101 Atl., 415; Hall v. Chess-Wymond Co., 131 Ark., 36, 198 S. W., 523; Gulf & S. I. R. Co. v. Williams, 109 Miss., 429, 69 South, 215; Van San v. Wentworth, 60 Ind. App., 591, 108 N. E., 975; Chicago M. & St. P. Ry. Co. v. Metalstaff et al., 101 Fed., 769, 41 C. C. A., 669; Darby v. Iron Co., 144 Tenn., 298.

The petitioner, the Casualty Company, made no tender of the $500 agreed on and we are of opinion that it is not in the attitude of having a counter-claim or a set-off. It may be that it was in the mind of the attorney representing the plaintiff that he wanted to file a different declaration, alleging the reasons why he did not want to abide by the agreement made, if an agreement had been made. We are of opinion that the petition of the Casualty Company should be treated as a plea and that the plaintiff had a right before trial to take a nonsuit. All the defenses upon which the defendants rely, as shown by the pleas, can be made in another suit (if the plaintiff elects to bring another suit), that the defendants made in the instant case, and we are of opinion that the plaintiff's right to take a nonsuit under the facts as shown in this record were absolute and cannot be denied him.

It results that we find no error in the judgment of the lower court and it is affirmed.

The assignment of error is overruled. The defendants, appellants here, and surety on appeal bond will pay the costs of this cause, for which execution will issue.

Heiskell and Senter, JJ., concur.