I. R. Storie, Complainant, Appellant, *v.* Gertrude Griffin, Defendant, Appellee.

(*Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

Ward R. Case, J. T. Wheeler, and Hartman & Hartman, for complainant, appellant.

W. A. Garrett and C. J. Cullom, for defendant, appellee.

Mr. Justice McKinney delivered the opinion of the Court.

The Chancellor sustained a demurrer to the bill, dismissed it at the cost of complainant, and referred the cause to the master to report as to damages sustained by defendant as a result of the wrongful suing out of the injunction.

The purpose of the bill was to enjoin an action at law until a suit pending in this court was adjudicated. If decided favorably to complainant, it afforded him a complete defense to the other suit. The former suit was decided in favor of the complainant by this court, hence the purpose of the bill has been accomplished, and the defense of former adjudication is available in the second suit at law. The cause would be a moot one but for the fact that a reference as to damages has been decreed, and if the injunction was sued out wrongfully, defendant would probably be entitled to damages in addition to costs.

On April 3, 1931, defendant instituted suit against complainant before a justice of the peace to recover damages for injuries growing out of an automobile accident. The magistrate rendered judgment in favor of defendant for $80.55. Complainant appealed to the

circuit court. Upon the convening of that court complainant dismissed his appeal, and judgment was entered against him for $80.55 and costs, which sums complainant paid to the clerk of that court. Later during the term, upon motion of counsel for defendant, that judgment and the order dismissing the appeal were set aside, and thereupon defendant was permitted to take a nonsuit, to all of which complainant excepted, prayed and was granted an appeal to this court, where the judgment of the circuit court was reversed, this court being of the opinion that complainant had a right to dismiss his appeal and have the judgment of the justice of the peace affirmed.

■ The bill alleges that notwithstanding the pendency of this suit, defendant, in April, 1931, brought a second suit for the same cause of action, in which she asked for $10,000 damages. To this second suit complainant, among other defenses, filed a plea of former adjudication. The case was called for hearing on December 16, 1931, whereupon complainant moved for a continuance until the former suit then pending in this court could be determined, and which was decided in April following. This motion was overruled, whereupon complainant filed the bill herein, setting forth all of the facts and contending that he was embarrassed in his defense to the action at law, and that he would be done a great injustice if he was forced to go to trial at that time.

In Gibson's Suits in Chancery (Chambliss Ed.), pp. 643-644, it is said:

"Injunctions Against Suits at Law Before Judgment will be granted on application of the defendant to the suit in the following cases:

"1. Where the suit is founded on a deed, note of hand, or other contract in writing, not binding on the defendant, because of a failure of consideration, or of some fraud, or accident, or mistake, in its execution, the plaintiff in the suit not being an innocent purchaser.

"2. Where a multiplicity of suits are brought by the same plaintiff, or different plaintiffs, against the same defendant concerning the same subject-matter.

"3. Where the defense is (1) purely equitable, or (2) legal and equitable, or (3) is hampered by difficulties, complications or embarrassments, too confusing or perplexing for investigation and solution by a jury; and

"4. Where, in any other case, a party plaintiff has an unfair advantage at law, whereby he may make the Court of law an instrument of injustice, and obtain a judgment therein contrary to Equity and good conscience.

"The *fiat* to a bill to enjoin a suit at law on a money demand should require the defendant to confess judgment at law as the condition of the injunction; otherwise, the complainant after litigation in Chancery may dismiss his bill and renew the litigation at law."

The substance of the demurrer, as we interpret it, is that the chancery court was without jurisdiction to enjoin the suit at law. The Chancellor assigned no reason for sustaining the demurrer. The complainant had a good defense to the suit at law, but it was not available at that time, due to the error of the circuit court in setting aside the judgment in the first case. The plea of former adjudication could not be sustained because the former judgment had been set aside, and an appeal taken to this court for the purpose of reinstating it. The complainant should not be denied the privilege of es-

tablishing a conclusive defense because of the error committed by the circuit court. Counsel for defendant has suggested no plea by which complainant could get the benefit of this defense. If forced to trial without such defense, a great injustice would be done him if. he were mulched in damages.

It is in such a predicament as this that the strong arm of Chancery lends its aid and says to one who has wrongfully caused a former judgment to be set aside that he will not be permitted to proceed with the second suit until the other party has had an opportunity to have the first suit, which would bar the second, reinstated.

We hold, therefore, that the Chancellor was in error in sustaining the demurrer, and his decree is reversed and the cause remanded for further proceedings.