RAFFAELE PIZZELLA, PLAINTIFF-RESPONDENT, v. FREDERICK PICHARD, DEFENDANT-APPELLANT.

Submitted October Term, 1932—Decided March 4, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Benjamin Baron.*

For the defendant-appellant, *Jacob Siegal* (*Louis Rubenstein,* of counsel).

PER CURIAM.

This case presents an appeal from the Bayonne District Court. It is a case involving personal injuries to the plaintiff while he was a passenger on the bus of the defendant-appellant.

At the end of the whole case, which was tried without a jury, the court indicated that the finding would be in favor of the defendant, remarking, "I do not see any liability in this case. How do you think you have established any negligence on the part of the defendant? * * *."

"Plaintiff's version of how this accident happened is highly

improbable while it is entirely possible and probable that the plaintiff sustained the injuries which he complains of in the manner testified to by the defendant."

Plaintiff's counsel, immediately said, "I would like to have permission to take a nonsuit," which the court granted. Counsel for the defendant objected and his objection was overruled and judgment for nonsuit was entered to which an exception was taken and that is the sole ground of appeal.

We think that the court below was correct in allowing the plaintiff to submit to a voluntary nonsuit and that the case is well within the decisions and provisions of the statute governing matters of this kind. Section 160 of the Practice act takes away the right of plaintiff to submit to a voluntary nonsuit only "after the jury has gone from the bar to consider their verdict." This section applies to District Courts. *Greenfield* v. *Cary,* 70 *N. J. L.* 613; 57 *Atl. Rep.* 269.

In the instant case, however, the court sat as a jury and it had not pronounced its judgment and at this stage of the trial a voluntary nonsuit was still a matter of right. The remarks of the judge were not dispositive of the case. It was still open to argument. The prospective verdict was still quite clearly under consideration only. *Ciesmelewski* v. *Domalewski,* 90 *N. J. L.* 34; 100 *Atl. Rep.* 179; *Malone* v. *Erie Railroad Co.,* 90 *N. J. L.* 350; 101 *Atl. Rep.* 415.

The judgment of the District Court is therefore affirmed, with costs.