## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

RENEE HENDERSON,                )
                                )
    Plaintiff/Appellee,         ) Davidson Circuit No. 95C-899
                                )
VS.                             ) Appeal No. 01A01-9610-CV-00463
                                )
JERRY HARLAN, d/b/a             )
LODGE QUARTERS RIVERGATE,       )
                                )
    Defendant/Appellant.        )

FILED

June 11, 1997

Cecil W. Crowson
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE
THE HONORABLE WALTER C. KURTZ, JUDGE


**PHILLIP R. NEWMAN**
**MANIER, HEROD, HOLLABAUGH & SMITH**
Nashville, Tennessee
Attorney for Appellant


**WORRICK G. ROBINSON, IV**
**ADAMS & WHITEAKER, P.C.**
Nashville, Tennessee
Attorney for Appellee


**REVERSED AND DISMISSED**


                      **ALAN E. HIGHERS, J.**


**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**
    Jerry Harlan, d/b/a Lodge Quarters Rivergate ("Defendant") appeals the judgment

of the circuit court arguing that the circuit court erred in refusing to allow him to voluntarily dismiss his appeal from general sessions court. For the reasons stated hereafter, we reverse the judgment of the circuit court.

## PROCEDURAL HISTORY

In this replevin action, Renee Henderson ("Plaintiff") filed a complaint in general sessions court against Defendant seeking possession of her personal property which the Defendant was holding without her consent. Defendant filed a separate complaint in general sessions court against Plaintiff for expenses incurred in the moving and storage of Plaintiff's personal property and for damage that the Defendant had incurred due to Plaintiff's tenancy. General sessions court granted a judgment in favor of the Plaintiff in the amount of $1,500.00, awarded Plaintiff possession of her personal property, and dismissed Defendant's companion suit. Defendant appealed the judgment of general sessions court to circuit court. Plaintiff thereafter filed an amended complaint in circuit court seeking compensatory damages in the amount of $10,000.00 and punitive damages in the amount of $20,000.00. After answering Plaintiff's amended complaint, Defendant filed a notice of voluntary dismissal of its appeal from general sessions court. Upon denying Defendant's notice of voluntary dismissal, the circuit court awarded Plaintiff a judgment in the amount of $9,000.00 and dismissed Defendant's counter-complaint against the Plaintiff.

## LAW

The sole issue before this Court is whether the circuit court erred in refusing to allow the Defendant voluntarily to dismiss his appeal from a judgment in general sessions court after the Plaintiff filed an amended complaint in circuit court and after the Defendant filed an answer to the amended complaint.

It is well-settled under Tennessee law that a party appealing a general sessions

2

court judgment to circuit court has the right to dismiss the appeal at any time prior to trial in circuit court. Storie v. Griffin, 51 S.W.2d 488, 489 (Tenn. 1932); C.B. Donaghy & Co. v. McCorkle, 98 S.W. 1050, 1050-51 (Tenn. 1907); Day v. Hagler, slip op. (Tenn. Ct. App. June 25, 1985). Our supreme court in C.B. Donaghy & Co. v. McCorkle, 98 S.W. 1050 (Tenn. 1907), stated that "[i]t is the general rule that the appellant may have his own appeal dismissed at any time while the cause remains within the jurisdiction of the appellate court."

Upon dismissal of an appeal from general sessions court, the judgment of the general sessions court shall be affirmed. McCorkle, 98 S.W. at 1051. See also Storie v. Griffin, 51 S.W.2d 488, 489 (Tenn. 1932) (stating appellant had a right to dismiss his appeal from the judgment of the justice of the peace court to chancery court and have the judgment of the justice of the peace court affirmed).

In Day v. Hagler, slip op. (Tenn. Ct. App. June 25, 1985), this Court addressed an issue similar to the one in the case at bar. The issue in Day was whether a party appealing from a general sessions court judgment to circuit court may dismiss his appeal when doing so would prevent his non-appealing adversary from proving additional damages in circuit court. In holding that the appellant could dismiss his appeal, this Court stated that "[t]he law is clear that a party appealing a General Sessions judgment to Circuit Court has the right to dismiss the appeal at any time prior to trial in Circuit Court." Day, slip op. at 2. In Day, the court said:

> Additionally, there is no injustice apparent. Plaintiff's additional expense sought in the Circuit Court arose after the General Sessions judgment would have become final had there been no appeal. There would be no cause of action for those expenses in that eventuality. In short, the plaintiff is in the same position as if no appeal had been taken by the defendant. She still has her judgment for $3,246.00. Where is there an injustice? Day, slip op. at 2.

Although Plaintiff cites the case of Ware v. Meharry Medical College, 898 S.W.2d 181 (Tenn. 1995), for the proposition that an appellant loses his right to dismiss his appeal

3

from a general sessions court judgment once an amended complaint and an answer to the amended complaint are filed in circuit court, Plaintiff's proposition is in error. The Supreme Court in <u>Ware</u> held that a party may appeal from a judgment in general sessions court to circuit court and amend the complaint to seek damages beyond the monetary jurisdictional limits of general sessions court. The court in <u>Ware</u> did not modify the long-standing principle that an appellant may dismiss his appeal from a judgment of the general sessions court at any time prior to trial in circuit court. Thus, in the present case, the circuit court's refusal to allow the Defendant voluntarily to dismiss his appeal from the judgment of the general sessions court was in error.

The judgment of the circuit court is hereby reversed and dismissed. Costs on appeal are taxed to Appellee for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.

4