## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT NASHVILLE
_____

| | | |
|---|---|---|
| | ) | |
| **VICTOR GILL,** | ) | Bedford County Circuit Court |
| | ) | No. 7488 |
| Plaintiff/Appellant. | ) | |
| | ) | |
| VS. | ) | C. A. NO. 01A01-9701-CV-00010 |
| | ) | |
| **STATE FARM INSURANCE CO.,** | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

FILED

June 20, 1997

Cecil W. Crowson
Appellate Court Clerk

From the Circuit Court of Bedford County at Shelbyville.
**Honorable Tyrus H. Cobb, Chancellor, by interchange**

**Victor Gill**, Pro Se
Plaintiff/Appellant

**Andrew C. Rambo**, Shelbyville, Tennessee
Attorney for Defendant/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

                                           **FARMER, J.**

**HIGHERS, J.**: (Concurs)
**LILLARD, J.**: (Concurs)

Victor Gill appeals from an order of the circuit court granting a motion to dismiss appeal filed by State Farm Insurance Company (State Farm).

Mr. Gill sued State Farm in the General Sessions Court of Bedford County for an amount under $10,000 for "breach of contract of insurance in refusing to defend Mr. Gill as a result of an automobile accident." Judgment was entered for Mr. Gill in the amount of $1,000 on July 26, 1996 and State Farm perfected a timely appeal to circuit court. Mr. Gill made a request for jury trial on August 9, 1996. The matter was scheduled for trial in circuit court for December 4 and 5, 1996.

State Farm moved to dismiss the appeal stating that it had deposited the amount of the judgment rendered, together with interest since the date of entry. Mr. Gill filed a written objection to this motion. The basis for his objection appears to be that the matter was already set for trial. The response could also possibly be construed as an attempt by Mr. Gill to perfect an appeal, which would have been untimely.

In granting State Farm's motion to dismiss, the trial judge noted that the attempt to appeal by Mr. Gill was neither timely nor with bond. The clerk was authorized to pay out to Mr. Gill the judgment amount of $1,000 previously deposited with the court together with interest since the entry of the judgment.

Any party may appeal from an adverse decision of the general sessions court to the circuit court within a period of ten (10) days and the appeal shall be heard *de novo* in the circuit court. T.C.A. § 27-5-108. Before the appeal is granted, the appellant shall give bond or take the oath for poor persons. T.C.A. § 27-5-103. As a general rule, an appellant may have his appeal dismissed at any time the cause remains within the jurisdiction of the appellate court. The appellee cannot object, nor is his consent required. *Fort v. Fort*, 118 Tenn. 103 (1907). In discussing that decision, the court noted in *Federal Firefighters of Oakridge v. Roane-Anderson Co.,* 206 S.W.2d 369, 370 (Tenn. 1947), an exception to the general rule where the appellee is prejudiced thereby.

It would appear in the present case that Mr. Gill wished to proceed with the trial in the circuit court because he was dissatisfied with the amount of the judgment entered in general

sessions court. This issue was before this Court previously in **Day v. Hagler**, No. 105 (Tenn. App. June 25, 1985), by the Western Section of this Court sitting at Knoxville. The issue in that case was whether a party appealing to circuit court from a general sessions judgment against him may dismiss his appeal when so doing would prevent his non-appealing adversary from possibly proving additional damages in circuit court. In affirming the dismissal, this Court said that the law is clear that a party appealing a general sessions judgment to circuit court has the right to dismiss the appeal at any time prior to trial in circuit court. Citing **C. B. Donaghy & Co. v. McCorkle**, 118 Tenn 73, 98 S.W. 1050 (1907); **Storie v. Griffin**, 164 Tenn. 596, 51 S.W.2d 488 (1932). The court further noted that there was no apparent injustice because the additional expense sought by plaintiff in the circuit court arose after the general sessions judgment would have been final had there been no appeal. Although that is not the situation here, any prejudice suffered by Mr. Gill was due to his own failure to perfect a timely appeal from the general sessions judgment if he was dissatisfied.

The judgment of the trial court is affirmed. Costs of this appeal are taxed to Mr. Gill, for which execution may issue if necessary.

_____
FARMER, J.

_____
HIGHERS, J. (Concurs)

_____
LILLARD, J. (Concurs)