IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 12, 2004

## METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE v. BASIL MARCEAUX

**Appeal from the Circuit Court for Davidson County**
**No. 02C-2997      Carol Soloman, Judge**

_____

**No. M2003-00876-COA-R3-CV - Filed January 23, 2004**

_____

Because the record confirms that the appellant did not perfect an appeal from an adverse decision of the general sessions court within ten days of that decision, we affirm the trial court's dismissal of the late attempted appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Basil Marceaux, Soddy Daisy, Tennessee, *Pro Se*.

Ann O'Connell Simon; P. Jeff Campbell; John L. Kennedy, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

### MEMORANDUM OPINION[1]

Appellant, Mr. Marceaux, appeals from the dismissal by the circuit court of his attempted appeal of a general sessions court judgment because his appeal was filed more than ten days after entry of the general sessions judgment.

_____

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On June 13, 2002, Mr. Marceaux was issued a traffic citation charging him with driving 70 mph in a 45 mph zone, failure to have proof of insurance, and driving on an expired license, all violations of city ordinances. The citation notified Mr. Marceaux of the date of the hearing on the charges, August 22, 2002. When Mr. Marceaux did not appear at the hearing, a default judgment was entered against him. Sometime around September 24, 2002,[2] Mr. Marceaux filed a motion for new trial in the general sessions court which was denied by that court as not timely filed.

Mr. Marceaux then sought to appeal the general sessions judgment to the circuit court. It is unclear from the record before us exactly when the notice of appeal was filed. The Metropolitan Government states that Mr. Marceaux appealed on October 21, 2002, and refers to a document appearing in the record entitled "Notice to Appellant" which was stamped filed October 21, 2002, but signed by Mr. Marceaux on October 19, 2002.[3] The accompanying Affidavit of Indigency, substituting as a cost bond, was also signed by Mr. Marceaux on October 19, 2002. Both also contain stamps and signatures of deputy clerks dated October 19, 2002.

A person dissatisfied with a general sessions court judgment may appeal to the circuit court where the matter is heard *de novo*. Tenn. Code Ann. § 27-5-108(a)(1). Such an appeal must be made within ten days of the general sessions court decision by complying with the applicable statutory provisions. *Id*. If no appeal is taken within ten days, execution may issue. Tenn. Code Ann. § 27-5-108(d).

The ten-day time period for appeal is jurisdictional.

> [T]he timely perfecting of an appeal is no mere technical formality: it is in fact a mandatory requirement, and if it is not complied with the court has no jurisdiction over the case.

*Love v. College Level Assessment Services, Inc.*, 928 S.W.2d 36, 38 (Tenn. 1996). *See also The Vanderbilt University v. Haynes*, No. M2001-02688-COA-2003, 2003 WL 239819, at *1 (Tenn. Ct. App. Feb. 4, 2003) (no Tenn. R. App. P. 11 application filed); *Watkins v. Fitzgerald*, No. M2000-03197-COA-R3-CV, 2002 WL 31662404, at *2 (Tenn. Ct. App. Nov. 26, 2002) (no Tenn. R. App. P. 11 application filed); *Schein v. Watts*, No. E1999-02128-COA-R3-CV, 2000 WL 222537, at *2 (Tenn. Ct. App. Feb. 28, 2000) (no Tenn. R. App. P. 11 application filed). The record indicates that the earliest possible date on which the appeal was perfected was October 19, 2002. This date was well outside the ten-day period for appeal from a judgment entered August 22, 2002.

---

[2] Although the motion itself was stamped filed October 21, 2002, the record includes a letter from an employee of the clerk's office dated September 24, 2002, referencing the motion.

[3] We are unable to ascertain for certain whether October 18 or 19 is the correct date as the number was written over, and the correction initialed by Mr. Marceaux, but it is unclear which is the correction. One day's difference does not affect the result in this case.

Throughout most of his briefs Mr. Marceaux attempts to raise substantive issues regarding the merits of the ordinance violations for which he was cited. Neither the trial court nor this court can consider those issues if the circuit court lacked jurisdiction to hear his case because he did not file a timely appeal. However, in his reply brief, Mr. Marceaux also appears to assert that he first requested an appeal or new trial within the ten days, but was prevented therefrom because the clerk did not "honor the indigent status of the defendant." This appears to be a reference to statements by Mr. Marceaux appearing elsewhere in his filings to the effect that he had already been found indigent by other courts. The clerk was required to obtain a cost bond or affidavit of indigency (or oath for poor persons) as a prerequisite to perfecting the appeal. *Gill v. State Farm Insurance Co.*, 958 S.W.2d 350, 351 (Tenn. Ct. app. 1997), citing Tenn. Code Ann. § 27-5-103. The only affidavit of indigency appearing in the record was signed by Mr. Marceaux on October 19, 2002.

The circuit court dismissed this case on March 6, 2003, for lack of jurisdiction. Because Mr. Marceaux did not timely perfect his appeal from the general sessions court judgment, we affirm the judgment of the trial court. Costs of this appeal are taxed to the appellant, Mr. Basil Marceaux.

_____
PATRICIA J. COTTRELL, JUDGE