IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 11, 2021 Session

FILED
07/20/2021
Clerk of the
Appellate Courts

## CHIMNEYHILL CONDOMINIUM ASSOCIATION v. KING CHOW

**Appeal from the Circuit Court for Shelby County**
**No. CT-004471-16   Rhynette N. Hurd, Judge**

———————————————————

### No. W2020-00873-COA-R3-CV

———————————————————

The defendant appealed to circuit court following a judgment against it in general sessions court. The plaintiff filed no notice of appeal, but amended its complaint to allege an additional claim. The plaintiff later filed a motion for partial summary judgment seeking an award of attorney's fees. Eventually, the defendant dismissed its appeal and asked that the general sessions court judgment be affirmed. The trial court affirmed the previous judgment from the general sessions court, but also granted the plaintiff an additional judgment for attorney's fees and discretionary costs. The defendant appeals the award of attorney's fees and discretionary costs. We reverse the trial court's decision to award the plaintiff attorney's fees, but affirm the award of discretionary costs.

**Tenn. R. App. P. 3 Appeal as of Right: Judgment of the Circuit Court Reversed in Part; Affirmed in Part; and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON II, and CARMA DENNIS MCGEE, JJ., joined.

Mark J. Grai, Memphis, Tennessee, for the appellant, King Chow.

R. Christopher Coleman, Bartlett, Tennessee, and Thomas F. Bloom, Nashville, Tennessee, for the appellee, Chimneyhill Condominium Association.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

On May 12, 2016, Plaintiff/Appellee Chimneyhill Condominium Association ("Chimneyhill" or "the Association") filed an action against Defendant/Appellant King

Chow in general sessions court for delinquent home owner's association dues, late charges, attorney's fees, and assessments. On June 15, 2016, Mr. Chow filed a counterclaim seeking a set-off and reimbursement for repairs. Eventually, on October 19, 2016, the general sessions court denied Mr. Chow's counterclaim and awarded Chimneyhill a judgment of $10,218.25. On October 28, 2016, Mr. Chow filed a notice of appeal to the Shelby County Circuit Court ("the trial court"). Chimneyhill filed no notice of appeal.

On December 16, 2016, Mr. Chow filed an amended counterclaim in the trial court, again alleging entitlement to a set-off and repair reimbursement.[1] On January 18, 2017, Chimneyhill answered the counter-complaint, denying that Mr. Chow was entitled to relief.

On the same day, Chimneyhill filed an amended complaint.[2] Therein, Chimneyhill reiterated its claim that Mr. Chow failed to pay required assessments. Chimneyhill further asserted that Mr. Chow was unjustly enriched when he enjoyed the products and services provided by Chimneyhill without paying these assessments. Chimneyhill also raised for the first time that around September 1, 2015 Mr. Chow had made improper repairs to his unit in violation of the parties' contract, referred to as the Master Deed.[3] According to Chimneyhill, they first informed Mr. Chow that his decision to reroof his property was unauthorized and asked him to correct the issue by letter dated September 15, 2015. The amended complaint also requested an award of attorney's fees pursuant to the Master Deed;[4] Chimneyhill specifically requested damages, attorney's fees incurred in both the trial court and the general sessions court, and that Mr. Chow's property be foreclosed to pay its lien. Discovery thereafter ensued.

Chimneyhill filed a motion for summary judgment in February 2019, which the trial court denied in May 2019 because there were disputed material facts. Both parties thereafter filed motions in limine. According to a June 4, 2019 order, trial began on May 30, 2019, but "could not be concluded" and was reset for July 25, 2019.

On July 1, 2019, Chimneyhill filed a motion for partial summary judgment seeking an award of attorney's fees, citing ***Parker v. Brunswick Forest Homeowners Ass'n, Inc.***, No. W2018-01760-COA-R3-CV, 2019 WL 2482351 (Tenn. Ct. App. June 13, 2019), *perm. app. denied* (Tenn. Sept. 18, 2019). Chimneyhill argued therein that it was entitled to its full attorney's fees regardless of whether "said fees relate to the prosecution of its claim for unpaid assessments or defending against [Mr.] Chow's counterclaims." In support, Chimneyhill filed the affidavit of its counsel, asserting that he "billed and was paid" $28,618.00 in attorney's fees in both the general sessions court and trial court

---

[1] Mr. Chow obtained leave to file this amended counterclaim from the trial court.

[2] Chimneyhill was also granted leave to file the amended complaint from the trial court.

[3] The repairs involved the replacement of the roof on Mr. Chow's property.

[4] The Master Deed's attorney's fees provision provides as follows: "In any proceeding arising because of an alleged default by a unit owner, the Association bringing the suit shall be entitled to recover the cost of the proceeding and such reasonable attorney's fees as may be determined by the Court."

proceedings from May 2015 to May 2019. He further asserted that Chimneyhill continued to incur attorney's fees after that date, which had not yet been invoiced.

Both the hearing on the motion for partial summary judgment and the trial were reset multiple times. At the final hearing on the motion for partial summary judgment on January 15, 2020, Mr. Chow's attorney announced that he intended to file a notice of dismissal of the appeal and presented the trial court with a notice during the hearing. The trial court heard the parties' arguments on the motion for partial summary judgment and requested additional briefing as to the effect of the dismissal and whether Mr. Chow's delay in entering it had any effect on its validity.[5] Mr. Chow filed a formal notice of dismissal of the appeal on January 15, 2020, asking the trial court to affirm the general sessions court judgment.

Each party filed supplemental briefs to the trial court on January 29, 2020. In Chimneyhill's brief, it argued that it was entitled to both attorney's fees and discretionary costs notwithstanding the dismissal of Mr. Chow's appeal. Moreover, Chimneyhill asserted that the Master Deed's attorney fee provision did not require that it be the prevailing party in any litigation thereunder in order to recover fees, and the that the language of the Master Deed should be enforced as written. Chimneyhill also included an affidavit of its property manager/bookkeeper showing that it had incurred a total of $34,618.00 in attorney's fees from May 23, 2015 to January 7, 2020, which included work done both in the general sessions court and the trial court. Excluding the general sessions court work reduced the fees incurred to $31,377.00. Additionally, the bookkeeper stated that Chimneyhill incurred $3,738.00 in discretionary costs, which included court reporter fees, subpoenas, and the bookkeeper's own time in dealing with the litigation.

Mr. Chow's memorandum argued, however, that Chimneyhill could not be awarded any amounts beyond the original general sessions court judgment, including the attorney's fees that Chimneyhill sought in its motion for partial summary judgment, because Mr. Chow dismissed his appeal. Moreover, Mr. Chow noted that **Parker** did not support Chimneyhill's claim to attorney's fees because, at the time the motion for partial summary judgment was filed, there was still a dispute as to which party materially breached the Master Deed, and thus there was no prevailing party.

An additional hearing occurred on February 5, 2020. On February 10, 2020, the trial court entered a written order accomplishing three tasks. First, the trial court ruled that Chimneyhill's motion for partial summary judgment as to attorney's fees was "well taken."[6] The trial court therefore awarded Chimneyhill $35,105.28, representing

[5] Importantly, Chimneyhill does not assert in this appeal that Mr. Chow's purported delay in filing the notice of dismissal has any effect on the analysis in this case. As such, we will not discuss this issue further.

[6] The trial court's order provided no additional legal reasoning other than "good cause" was shown. *See* Tenn. R. Civ. P. 56.04 ("The trial court shall state the legal grounds upon which the court denies or

- 3 -

$31,377.00 in attorney's fees incurred through January 7, 2020, and $3,738.28 in discretionary costs. In what the trial court characterized as an action "[f]ollowing" the grant of partial summary judgment to Chimneyhill, the trial court "entered" Mr. Chow's notice of dismissal. Finally, the trial court remanded the matter back to the general sessions court for reinstatement of the judgment entered therein. Costs were taxed to Mr. Chow.

Mr. Chow thereafter filed a motion to alter or amend, arguing that the trial court mischaracterized its notice as a nonsuit rather than a dismissal of an appeal, and further mischaracterized the timing of the dismissal as occurring after the grant of partial summary judgment to Chimneyhill. The trial court eventually entered a final amended order on May 29, 2020, clarifying its prior order. Therein, the trial court explained the sequence of events that occurred with regard to the notice of dismissal and stated that Chimneyhill's motion for partial summary judgment was granted based on the Master Deed and "pertinent case law." The total amount of attorney's fees and discretionary costs increased in the amended order to $40,268.28: $36,540.00 in attorney's fees and $3,728.28 in discretionary costs. Again, the trial court noted that "[f]ollowing" the grant of Chimneyhill's motion for partial summary judgment, the trial court

> then immediately thereupon dismisses the appeal of [Mr.] Chow based on [his] Notice of Dismissal of Appeal filed pursuant to the applicable 2016 version of [Tennessee Code Annotated section 27-8-105] and this matter is remanded to General Session[s] with instructions to reinstate the judgment of Ten Thousand Two Hundred Eighteen Dollars ($10,218.00)[7] previously entered for Chimneyhill against [Mr.] Chow.

The trial court finally declared its order final and appealable under Rule 54.02 of the Tennessee Rules of Civil Procedure (discussed in detail, *infra*). Mr. Chow thereafter timely appealed to this Court. On August 24, 2020, the trial court entered an order staying execution on the judgment pending appeal secured by a $65,000.00 bond.

## II. ISSUES PRESENTED

Mr. Chow raises the following issues in this appeal, which are taken from his appellate brief:

1. Whether the trial court erred in not immediately dismissing this case and affirming the judgment of the general sessions court at such time when Mr. Chow entered a notice of dismissal in the trial court.

---

grants the motion, which shall be included in the order reflecting the court's ruling.").
    [7] The trial court's amended order awards Chimneyhill only $10,218.00, while the general sessions court's judgment was for $10,218.25. This appears to be a typographical error.

- 4 -

2. Assuming that the trial court had the discretion not to immediately dismiss the case and affirm the judgment of the general sessions court when Mr. Chow entered a notice of dismissal, whether the trial court erred in ordering payment of attorney's fees to the opposing party based on the existing case.

3. Whether the trial court erred in awarding discretionary costs when the movant never moved for the same nor provided any documentation in the record of what such discretionary costs consisted of.

In the posture of appellee, Chimneyhill essentially rephrases Mr. Chow's issues and adds an additional request for an award of its attorney's fees incurred in defending this appeal.

## III. ANALYSIS

### A.

Before proceeding to discuss the arguments presented by the parties, we must first consider a threshold issue: this Court's subject matter jurisdiction. Rule 13 of the Tennessee Rules of Appellate Procedure provides that our "review generally extends only to those issues presented for review. [We] shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." *See* Tenn. R. App. P. 13(b). "A court may raise the issue of subject-matter jurisdiction sua sponte, even where no party objects." **Wilken v. Wilken**, No. W2012-00989-COA-R3-CV, 2012 WL 6727197, *11 (Tenn. Ct. App. Dec. 27, 2012) (citing **Ruff v. State**, 978 S.W.2d 95, 98 (Tenn. 1998)). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." **Dishmon v. Shelby State Cmty. Coll.**, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing Tenn. R. Civ. P. 12.08).

Under Rule 3 of the Tennessee Rules of Appellate Procedure, only final judgments entered by the trial court are appealable as of right. A trial court order "that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties is not enforceable or appealable[.]" Tenn. R. App. P. 3(a). Rule 3 provides an exception, however, when a trial court certifies its judgment as final under Rule 54.02 of the Tennessee Rules of Civil Procedure. *Id.* Rule 54.02 provides:

Multiple Claims for Relief. When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or

- 5 -

other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 54.02 "is an exception to Rule 3 that permits the trial court, without permission from the appellate court, to certify an order as final and appealable, even if parts of the overall litigation remain pending in the trial court." *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012). "However, 'the trial court's authority to direct the entry of a final judgment is not absolute.'" *E Sols. for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *3 (Tenn. Ct. App. Apr. 17, 2018) (quoting *Brentwood Chase Cmty. Ass'n v. Truong*, No. M2014-01294-COA-R3-CV, 2014 WL 5502393, at *2 (Tenn. Ct. App. Oct. 30, 2014)). As we have previously explained:

An order can only be certified as final in limited circumstances. Because Rule 54.02 provides that a trial court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties," the order certified as final must be dispositive of an entire claim or a party. In other words, the order at issue must dispose of at least one entire claim or resolve all of the claims against at least one party. The purpose of the certification rule is to enhance judicial economy and to prevent piecemeal appeals in cases which should be reviewed only as single units.

*Id.* (citations and some quotation marks omitted).

Whether the trial court's order "disposes of a distinct and separable 'claim' that is subject to Rule 54.02 certification is a question of law reviewed de novo." *Id.* (citing *Ingram v. Wasson*, 379 S.W.3d 227, 238 (Tenn. Ct. App. 2011)). If the trial court certifies its order as final, but the order does not adjudicate an entire claim or party, the appeal will be dismissed. "Without a final adjudication of at least one claim, Rule 54.02 is simply inapplicable." *E Sols. for Buildings*, 2018 WL 1831116, at *3 (citing *King v. Kelly*, No. M2015-02376-COA-R3-CV, 2016 WL 3632761, at *4 (Tenn. Ct. App. June 28, 2016)). The question of whether an entire claim has been conclusively adjudicated is "not always easy" to resolve. *Ingram*, 379 S.W.3d at 238.

Here, the order appealed purported to resolve at most two of the outstanding issues in the case: (1) Mr. Chow's appeal, which resulted in the reinstatement of the general sessions court judgment in favor of Chimneyhill's claim for delinquent home owner's association dues, late charges, and assessments; and (2) Chimneyhill's motion for partial summary judgment as to attorney's fees incurred in both the general sessions court and the

trial court. Chimneyhill contends, however, that an additional claim was raised in its amended complaint in the trial court that was not adjudicated by the dismissal of Mr. Chow's appeal: its claim for damages that resulted from Mr. Chow's performance of allegedly unauthorized repairs on his property. Nothing in the record indicates that Chimneyhill has abandoned this claim. Thus, no final judgment was entered by the trial court. Instead, the trial court certified its May 29, 2020 order as final pursuant to Rule 54.02. The question, however, is whether such certification was proper.

This Court has held that a "claim" for purposes of Rule 54.02 involves "'only one legal right, even if seeking multiple remedies for the alleged violation of that right[.]'" ***Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.***, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *4 (Tenn. Ct. App. Aug. 15, 2008) (quoting ***Liberty Mutual Ins. Co. v. Wetzel***, 424 U.S. 737, 744, 96 S. Ct. 1202, 47 L.Ed.2d 435 (1976)). In other words, a claim "denotes 'the aggregate of operative facts which give rise to a right enforceable in the courts[.]'" ***Id.*** (quoting ***McIntyre v. First Nat'l Bank of Cincinnati***, 585 F.2d 190, 191 (6th Cir. 1978)).

We have previously considered whether a request for attorney's fees was distinct from the claims that it was based on in ***E. Solutions for Buildings***. In that case, the trial court resolved the parties' breach of contract claims, but did not fully adjudicate the parties' attorney's fees request based on the contract, directing the parties to resubmit those claims once the appeal was resolved. 2018 WL 1831116, at *4. The trial court then certified its ruling as final under rule 54.02. But we held that this "order was improvidently certified as final." ***Id.***

As we explained:

Rule 54.02 "does not allow a trial court to certify an order[ ] that disposes of only some, but not all, elements of damages, as final and appealable." ***Cooper v. Powers***, No. E2011-01065-COA-R9-CV, 2011 WL 5925062, at *6 (Tenn. Ct. App. Nov. 29, 2011). "Notably absent from Rule 54.02 is any mention of allowing the certification as final of an order which disposes of certain elements of a claim for damages but leaves the claim pending as to other elements." ***Id. See, e.g.***, ***Johnson v. Tanner-Peck, L.L.C.***, No. W2009-02454-COA-R3-CV, 2011 WL 1330777, at *6 n.8 (Tenn. Ct. App. Apr. 8, 2011) (explaining that an order was not appropriate for certification as final under Rule 54.02 because it did not dispose of a request for treble damages, punitive damages, attorney's fees and the like arising out of the same claim); ***Cates*** [***v. White***], [No. 03A01-9104-CH-00130, 1991 WL 168620, at *4 (Tenn. Ct. App. Sept. 4, 1991)] ("Bifurcation of damages is fatal to a 54.02 certification. . . . While it is proper for the trial court to bifurcate the eviden[t]iary hearings on these damages, it cannot bifurcate the appeal of it."). An award as to only one facet of the total

damages is not properly certifiable. ***Cates***, 1991 WL 168620, at *4.

> ***E Solutions for Buildings***, 2018 WL 1831116, at *4 (citing ***Toyos v. Hammock***, No. W2011-01649-COA-R3-JV, 2013 WL 177417, at *16–17 (Tenn. Ct. App. Jan. 17, 2013)) (noting that in prior proceedings a judgment had been dismissed for lack of final judgment when it was improvidently certified as final because it failed to adjudicate a request for attorney's fees).

Although the opposite situation is presented here, the outcome is the same. Here, Chimneyhill's claims for attorney's fees was merely "one facet" of the damages allowed for their underlying claims. Chimneyhill makes the somewhat novel argument in this appeal that it was entitled to partial summary judgment on the issue of attorney's fees at the time it filed its motion because the Master Deed did not require it to prevail on its claims, but only to have brought them. Setting aside that issue, the Master Deed requires, at a minimum, that the attorney's fees be awarded in a proceeding based on an "alleged default." Thus, any request for attorney's was predicated on an allegation of default. One allegation of default, however, remains unadjudicated: Chimneyhill's allegation that Mr. Chow breached the Master Deed by making unapproved repairs to his property.

Thus, regardless of whether this claim has to be adjudicated before a claim for attorney's fees could be decided, there is no dispute that they are interdependent and not distinct. Moreover, Chimneyhill's motion for partial summary judgment and supporting affidavit made no distinction between the attorney's fees incurred with regard to its claim about unpaid assessments that was adjudicated by the dismissal of Mr. Chow's appeal and the claim that is yet to be resolved. The request for attorney's fees adjudicated by the trial court therefore cannot be said to be "a distinctly separate claim" from the issues remaining in the case. ***Mann v. Alpha Tau Omega Fraternity***, 380 S.W.3d 42, 48 (Tenn. 2012) (discussing Rule 54.02). As such, it appears that the trial court attempted to certify as final a judgment that included only one "facet" of an as yet not fully adjudicated claim. This was not proper. As such, we lack subject matter jurisdiction to adjudicate this appeal.

Although not argued by the parties in this cause, we note that we are authorized to suspend many of the Tennessee Rules of Appellate Procedure for "good cause." *See* Tenn. R. App. P. 2 ("For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion, except [some rules not applicable here.]"). It is well-settled that this rule may be utilized to suspend the finality requirement of Rule 3. *See **White v. Johnson***, 522 S.W.3d 417, 421 n.1 (Tenn. Ct. App. 2016) (citing ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) ("[W]e find no bar to the suspension of Rule 3(a).")). To utilize this rule, however, "there must be a good reason for suspension and the record should affirmatively show that the rule has been suspended." ***Bayberry***, 783 S.W.2d at 559.

In a previous case in which one party asked us to invoke our discretion under Rule 2 to entertain an appeal of a nonfinal judgment, we considered a multitude of previous cases in which we have held that exercise of our discretion was justified:

> We have previously found good cause to suspend the final judgment requirement, inter alia, where the judgment appealed adjudicated all of the rights of a party and a delay would prejudice the party's rights, *see White v. Johnson*, 522 S.W.3d 417, 421 n.1 (Tenn. Ct. App. 2016); where the trial court's reasoning applied equally to both the adjudicated and non-adjudicated claims, *see Utley v. Tennessee Dep't of Correction*, 118 S.W.3d 705, 711 n.9 (Tenn. Ct. App. 2003); where a case has been ongoing for over ten "tortured" years and is on its third appeal, *see Ruff v. Raleigh Assembly of God Church, Inc.*, No. W2001-02578-COA-R3-CV, 2003 WL 21729442, at *5 (Tenn. Ct. App. July 14, 2003); and where the judgment did not adjudicate claims against certain defendants but the pleadings contained "no competent allegations regarding the defendants in any of the pleadings." *See Ravenwood Homeowners Ass'n v. Bailey*, No. C.A. 758, 1988 WL 87676, at *2 (Tenn. Ct. App. Aug. 26, 1988). *See also, e.g.*, *Hopwood v. Hopwood*, No. M2016-01752-COA-R3-CV, 2017 WL 2964886, at *3 n.4 (Tenn. Ct. App. July 12, 2017) (suspending the finality requirements because of the "the grave nature of proceedings seeking to incarcerate litigants," despite the fact that the trial court did not rule on a request for attorney's fees); *In Re Estate of Goza*, No. W2013-00678-COA-R3-CV, 2014 WL 7235166, at *3–4 (Tenn. Ct. App. Dec. 19, 2014) (suspending the finality requirement after consideration of "the immense amount of resources already expended in this litigation" in which the parties had "already attempted to litigate the same issue in three different courts"); *In Re Estate of James*, No. E2012-01021-COA-R3-CV, 2013 WL 593802, *7 (Tenn. Ct. App. Feb. 14, 2013) (suspending the finality requirement where the only issue left unadjudicated was "the issue of approving any additional fees and expenses that were incidental to the hearing or that were necessary to close the estate"); *Simerly v. City of Elizabethton*, No. E2009-01694-COA-R3-CV, 2011 WL 51737, at *8 (Tenn. Ct. App. Jan. 5, 2011) (suspending the finality requirement where the trial court's order effectively adjudicated "all of the substantive claims and rights between the parties, and all of the legal theories of recovery"); *Parker v. Lambert*, 206 S.W.3d 1, 3–4 (Tenn. Ct. App. 2006) (suspending the finality requirement where the only issues left unadjudicated were the calculation of the amount of one party's attorney's fees and the "possibility" that the trial court would have to supervise the sale of property if the parties could not agree on a sales price or realtor); *Rector v. Halliburton*, No. M1999-02802-COA-R3-CV, 2003 WL 535924, at *3 (Tenn. Ct. App. Feb.

26, 2003) (holding that judicial economy supported suspending the finality requirements where the trial court failed to rule on a request for punitive damages, but the court was able to consider the rest of the case on the merits and no prejudice would result to either party).

***Levitt, Hamilton, & Rothstein, LLC v. Asfour***, 587 S.W.3d 1, 10–11 (Tenn. Ct. App. 2019). In ***Levitt***, we ultimately held that good cause did not exist to suspend the finality requirement in order to allow a party to appeal from the trial court's decision to grant a Rule 60.02 motion and order a new trial. ***Id.*** at 11.

Based on the foregoing, we conclude that good cause exists in this case. Here, the central dispute involves the trial court's authority to enter the judgment for attorney's fees notwithstanding the fact that Chimneyhill did not appeal the general sessions judgment and Mr. Chow chose to dismiss his appeal prior to the award of attorney's fees. This issue is controlled by Tennessee Supreme Court precedent directly on point. *See **Crowley v. Thomas***, 343 S.W.3d 32 (Tenn. 2011). Although the trial court chose only to resolve the issues of attorney's fees, our resolution of this issue will apply equally to both the attorney's fees request and the underlying claim related to unapproved repairs. *See **Simerly***, 2011 WL 51737, at *8. In other words, if Mr. Chow is correct in his interpretation and application of ***Crowley***, both Chimneyhill's claim for compensation related to unapproved repairs and additional compensation for attorney's fees would be improper. Such a holding would therefore obviate the need for any future appeals as to the substantive matter of whether the trial court properly awarded attorney's fees in this case under the language of the Master Deed or whether the amount of fees awarded was proper.[8] And both the parties and the trial court in this case clearly desire that this issue be adjudicated regardless of the remaining issues, unlike the situation wherein a party seeks an extraordinary appeal following the denial of an interlocutory appeal by the trial court.

In addition, the statute that is at the center of this dispute has recently been amended

---

[8] We note that the reasoning employed by the trial court in granting the motion for partial summary judgment is scant. Under Rule 56.04 of the Tennessee Rules of Civil Procedure, trial courts are required to state the legal grounds upon which they grant motions for summary judgment. This means that a trial court's order must be "adequately explained[.]" *See generally **Smith v. UHS of Lakeside, Inc.***, 439 S.W.3d 303, 314 (Tenn. 2014). The Master Deed also provides only for an award of "reasonable" attorney's fees. The Tennessee Supreme Court has set forth a number of factors to be used in determining a reasonable fee. *See* Tenn. Sup. Ct. R. 8, RPC 1.5(a). "To enable appellate review, trial courts should clearly and thoroughly explain the particular circumstances and factors supporting their determination of a reasonable fee in a given case." ***Wright ex rel. Wright v. Wright***, 337 S.W.3d 166, 185–86 (Tenn. 2011). The trial court's order appears to neglect this requirement. A trial court's failure to meet either of the above requirements often results in the judgment being vacated and remanded for the entry of a more detailed order. Deciding the issue of the trial court's power to award additional compensation prevents the parties from incurring unnecessary expenses correcting or briefing these issues in the future.

- 10 -

to completely alter the landscape on this issue. *See generally* Tenn. Code Ann. § 27-5-108 (discussed in detail, *infra*). As such, it is unlikely that this issue will be presented again in the future. In sum, there appears to be no need to delay resolution of this case pending a final judgment. As such, we will exercise our discretion to consider this appeal notwithstanding the fact that the judgment was improvidently certified as final under Rule 54.02.

**B.**

In this case, the trial court granted Chimneyhill's motion for partial summary judgment to award attorney's fees related to alleged breaches of the Master Deed. The trial court's decision to grant or deny a motion for summary judgment is reviewed de novo with no presumption of correctness. ***Bowers v. Estate of Mounger***, 542 S.W.3d 470, 477 (Tenn. Ct. App. 2017). Summary judgment is appropriate when there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04.

Mr. Chow contends, however, that the trial court erred in granting Chimneyhill's motion because it lacked subject matter jurisdiction. "Subject matter jurisdiction provides the court with the authority to act." ***In re Marquise T.G.***, No. M2011-00809-COA-R3-JV, 2012 WL 1825766, at *4 (Tenn. Ct. App. May 18, 2012) (internal citations omitted). "Challenges to a court's subject matter jurisdiction call into question the court's lawful authority to adjudicate a controversy brought before it, and, therefore, should be viewed as a threshold inquiry." ***Redwing v. Catholic Bishop for Diocese of Memphis***, 363 S.W.3d 436, 445 (Tenn. 2012) (internal citations and quotation marks omitted). "Whether a court has subject matter jurisdiction is a question of law for which this court conducts a de novo review, with no presumption of correctness." ***Id.*** "Where subject matter jurisdiction is challenged, the party asserting that subject matter jurisdiction exists . . . has the burden of proof." ***Johnson v. Hopkins***, 432 S.W.3d 840, 844 (Tenn. 2013) (citing ***Chapman v. DaVita, Inc.***, 380 S.W.3d 710, 712 (Tenn. 2012)).

In particular, Mr. Chow argues that because he was the only party to file a notice of appeal, when he chose to voluntarily dismiss his appeal, the trial court had no discretion to do anything other than affirm the judgment of the general sessions court. In support, Mr. Chow cites Tennessee Code Annotated sections 27-5-101 through -108 and ***Crowley v. Thomas***, 343 S.W.3d 32 (Tenn. 2011). Chimneyhill of course argues that these authorities do not prohibit the trial court's action in this case.

We begin with the relevant statutes. First, section 27-5-101 provides that "Any person dissatisfied with the judgment of a recorder or other officer of a municipality charged with the conduct of trials, in a civil action, may, within ten (10) entire days thereafter, Sundays exclusive, appeal to the next term of circuit court." Section 27-5-107 further provides that "if the appeal is dismissed for any cause, the appellee is entitled to an

affirmance of the judgment below, with costs." At the time that Mr. Chow filed his notice of appeal in the trial court, section 27-5-108 provided as follows:

> (a)(1) Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter.
>
> (2) If there are multiple parties in a case before the general sessions court in which comparative fault is an issue at trial, and if one (1) or more of the parties, but not all, perfects an appeal of a decision of the sessions court to the circuit court, as provided in this section, then the appealing party shall serve written notice to all other parties that an appeal has been taken. Such written notice shall be sent to the last known address of each such party or to the party's legal counsel. The other parties shall have ten (10) days from receipt of such notice to perfect an appeal.
>
> \* \* \*
>
> (c) Any appeal shall be heard de novo in the circuit court.
> (d) If no appeal is taken within the time provided, then execution may issue.

Importantly, section 27-5-108 was amended in 2018 to provide that only one party need file a notice of appeal to bring the entire case up for a trial de novo in the circuit court. Specifically, section 27-5-108(a)(2) now provides that "[i]n civil cases, if one (1) or more of the parties before the general sessions court, on one (1) or more warrants, perfects an appeal of a decision of the general sessions court to the circuit court, as provided in this section, then cross appeals and separate appeals are not required, and upon the filing of a notice of appeal by any party, issues may be brought up for review by any party." This amendment, however, expressly applies only "to appeals filed on or after the effective date of this act." 2018 Tenn. Laws Pub. Ch. 858 (H.B. 2202) (effective May 3, 2018). Because Mr. Chow filed his appeal in 2016, well before the May 3, 2018 effective date of the amendment, we apply the prior version of the statute to this appeal.

Courts considering the statutory scheme governing appeals from general sessions courts under the prior version of section 27-5-108 have generally held that it required that any party dissatisfied with the judgment of the general sessions court file a notice of appeal to obtain a trial de novo in the circuit court. *See US Bank Nat'l Ass'n v. Brooks*, No. M2016-00689-COA-R3-CV, 2016 WL 6581344, at \*5 (Tenn. Ct. App. Nov. 4, 2016) ("The notice of appeal from general sessions court to the trial court is specific, requiring that anyone who wishes to appeal must properly perfect his appeal within ten days of the entry of the general sessions judgment.") (citing *Braverman v. Roberts Const. Co.*, 748 S.W.2d 433, 437 (Tenn. Ct. App. 1987) (holding that "a provision for de novo trial in the circuit court must be taken to mean a de novo trial as to the parties before that court by appeal.")); *see also Milliken v. Feldt*, No. 01-A-01-9806-CV-00271, 1999 WL 452319, at

*2 (Tenn. Ct. App. July 1, 1999) (disallowing an appeal by a party that did not perfect an appeal).

The result when one party seeks to add additional claims in the circuit court when it did not perfect an appeal under the prior version of section 27-5-108 was thoroughly considered in *Crowley v. Thomas*. In *Crowley*, the plaintiff filed a personal injury claim against the defendant in general sessions court, seeking "compensatory damages in an amount not exceeding the $25,000 jurisdictional limit." 343 S.W.3d at 33. The plaintiff obtained a judgment for $14,500.00; only the defendant appealed to circuit court. The plaintiff then filed an amended complaint in circuit court adding his wife as a plaintiff and a second amended complaint to add an additional claim. A fourth amended complaint was eventually filed by the plaintiff, seeking $300,000.00 in damages. Three days before the scheduled trial, the defendant filed a notice of dismissal of his appeal and a motion to affirm the general sessions court's judgment. Although the plaintiff objected, the circuit court dismissed the appeal and affirmed the original judgment entered by the general sessions court. The plaintiff then appealed to this Court, which affirmed the judgment of the circuit court. The plaintiff then took his argument to the Tennessee Supreme Court. *Id.* at 34.

The supreme court framed the question on appeal as "whether the circuit court properly affirmed the judgment of the general sessions court in response to [the defendant's] notice of dismissal of her appeal." *Id.* at 34. The court concluded that it did. First, the court noted that appeals from general sessions courts are governed by statute. Based on the language of section 27-5-107, the court noted that it had previously held that "the circuit court must affirm a judgment of the general sessions court when the defendant dismisses the appeal." *Id.* at 34 (citing *C.B. Donaghy & Co. v. McCorkle*, 118 Tenn. 73, 98 S.W. 1050, 1051 (Tenn. 1907) (citing Shannon's Code § 4876 (later codified as Tenn. Code Ann. § 27-5-107)) (discussing a defendant's dismissal of its appeal from the judgment of a justice of the peace)); *Gill v. State Farm Ins. Co.*, 958 S.W.2d 350, 351–52 (Tenn. Ct. App. 1997) (affirming the circuit court's dismissal of the defendant's appeal from the judgment of the general sessions court over the plaintiff's objection).

Moreover, the court confirmed that its decision did not conflict with *Ware v. Meharry Medical College*, 898 S.W.2d 181, 184 (Tenn.1995), which held that "an appeal from the general sessions court provides an opportunity for a new trial in the circuit court as if the case had originated in the circuit court[.]" *Crowley*, 343 S.W.3d at 35. Instead, our supreme court noted that section 27-5-108(a) mandated that "a party must file [a] timely notice of appeal" in order "[t]o perfect an appeal[.]" *Id.* (citing Tenn. Code Ann. § 27-5-108(a), (b)). Thus, the plaintiff "could have appealed the [general sessions court's] judgment in his favor because the general sessions judgment was less than the amount he requested and was therefore 'adverse' to him." *Id.* But,

He did not appeal the judgment, and his cause of action proceeded to the circuit court only by virtue of [the defendant's] appeal. While [the

- 13 -

defendant's] appeal was pending, Mr. Crowley was free to amend his complaint. Tenn. Code Ann. § 16-15-729 (2009). [The defendant] however, could dismiss the appeal without the consent and over the objection of Mr. Crowley. *Gill*, 958 S.W.2d at 351; Lawrence A. Pivnick, *Tennessee Circuit Court Practice*, § 3:11 (2011 ed.). The dismissal of [the defendant's] appeal removed the case from the circuit court and was fatal to [the plaintiff's] amended cause of action.

*Crowley*, 343 S.W.3d at 35.

Chimneyhill asserts that the same result is not required here because the facts are distinguishable from *Crowley*. Specifically, Chimneyhill asserts that *Crowley* does not prevent a plaintiff from raising "additional claims against the defendant that were not litigated in the [g]eneral [s]essions [c]ourt." Thus, Chimneyhill asserts it was entitled to raise "a <u>new</u> claim against Mr. Chow for unapproved repairs to his unit in violation of the Master Deed" that remained viable notwithstanding Mr. Chow's dismissal of his appeal. To hold otherwise, Chimneyhill claims, would force a plaintiff to "either file a frivolous appeal or file a separate action in [c]ircuit [c]ourt."

Respectfully, we disagree. First, we note that there is simply no language in *Crowley* that supports Chimneyhill's choice to distinguish between old claims and "new" claims. For one, nothing in the legal analysis in *Crowley* discusses or analyzes such a distinction. Moreover, Chimneyhill's assertion that there were no new claims raised before the circuit court in *Crowley* is inexplicable, as the *Crowley* Opinion specifically notes that the plaintiff filed a number of amended claims, one of which named an entirely new party, his wife, and one that "asserted an **additional** claim[.]" *Id.* at 33 (emphasis added). But these additional or new claims did not alter the fact that the defendant's dismissal of the appeal was fatal to the amended cause of action. *Id.* at 35. The fact that Chimneyhill ostensibly chose to add additional claims against Mr. Chow in the trial court likewise does not alter the mandate of section 27-5-107 and *Crowley*.

Here, only Mr. Chow chose to appeal the judgment of the general sessions court. Thus, the only matter properly before the trial court was "simply a continuation of the defendant's [i.e., Mr. Chow's] opposition to the plaintiff's [i.e., Chimneyhill's] civil warrant initiated in the general sessions court." *Id.* While Chimneyhill "was free to amend [its] complaint" despite not filing its own notice of appeal, it did so undertaking the risk that Mr. Chow "could dismiss the appeal without the consent and over [Chimneyhill's] objection[.]" *Id.* When that dismissal occurred, the case "was removed . . . from the circuit court" and the dismissal "was fatal to [Chimneyhill's] amended cause of action." *Id.*

Chimneyhill also attempts to distinguish *Crowley* on the basis that it was not dissatisfied with the judgment of the general sessions court. It is true that the *Crowley* court noted that the judgment for the plaintiff in the general sessions court was "adverse" to him

- 14 -

in that "the general sessions judgment was less than the amount he requested[.]" *Id.* at 35. But the plaintiff in **Crowley** sought a judgment in its general sessions court civil warrant only for an unspecified amount "not exceeding the $25,000 jurisdictional limit." *Id.* at 33. The same is true here. Specifically, Chimneyhill's civil warrant simply states that it is seeking damages for "delinquent HOA dues, late charges, attorney fees, court costs and/or assessments . . . under $25,000.00." Thus, the award of only $10,218.25 was similarly adverse to Chimneyhill.

And the facts as they developed in the trial court confirm that Chimneyhill was not satisfied with the judgment it received in the general sessions court. Chimneyhill clearly wished to assert additional claims against Mr. Chow arising from the same contractual relationship that spawned the general sessions lawsuit. Chimneyhill's characterization of this claim as "new" is suspect, as it appears that any claim that Chimneyhill had against Mr. Chow for unapproved repairs was known to them in September 2015, well before the filing of the general sessions court action. Moreover, even if we were to credit Chimneyhill's argument that some of its claims were "new" in that they may not have been the exact claims litigated in general sessions court, that is not true of all the claims. Specifically, the attorney's fees sought by Chimneyhill related to work done in **both** the general sessions court and the trial court. The trial court awarded Chimneyhill its full requested amount of attorney's fees.[9] From the affidavit filed by Chimneyhill's property manager, $3,588.00 of the amount requested was attributable solely to the general sessions court proceedings. Because Chimneyhill was also awarded the full $10,218.25 judgment entered by the general sessions court,[10] Chimneyhill was able to obtain at least a $3,588.00 increase in the overall amount of compensation it was awarded solely relative to the general sessions court action. In seeking this additional compensation, Chimneyhill was therefore not entirely satisfied with the judgment obtained in the general sessions court. And if Chimneyhill had properly perfected its appeal and ultimately prevailed on this additional claim, its appeal would certainly not have been frivolous. *See **Robinson v. Currey**, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004) (holding that a frivolous appeal is one that is devoid of merit or has no reasonable chance of success).

These facts distinguish the present case from ***Johnson v. Memphis Guitar Spa, LLC***, 600 S.W.3d 348 (Tenn. Ct. App. 2019), *perm. appeal denied* (Tenn. Sept. 20, 2019). In ***Memphis Guitar Spa***, the plaintiff attempted to appeal an adverse judgment to the circuit court, but the appeal was not perfected in a timely manner. In addition to filing a motion to dismiss the appeal for lack of subject matter jurisdiction, the defendant filed a permissive counterclaim against the plaintiff that had not been raised in the general sessions court. The trial court dismissed the appeal, but retained subject matter jurisdiction over the counterclaim. The plaintiff appealed, arguing that the dismissal of the appeal mandated

---

[9] In fact, the amount awarded by the trial court was more than shown by the last affidavit filed by Chimneyhill.

[10] Again, the $0.25 difference appears to be a clerical error.

dismissal of the counter-claim.

Relying heavily on then-Judge Kirby's unreported opinion in **Bevels v. Tubbs**, No. W2012-02375-COA-R3-CV, 2013 WL 6212222 (Tenn. Ct. App. Aug. 22, 2013), as well as Tennessee Rules of Civil Procedure 42.04 and 13.09, we affirmed the decision of the trial court. Specifically, we noted that "Rule 13.09 empowers the court to enter judgment on a cross-claim or counterclaim, even though the claims of the opposing party have been already disposed of." **Johnson**, 600 S.W.3d at 354 (citing **Bevels**, 2013 WL 6212222, at *8) (citing Tenn. R. Civ. P. 13.09 advisory committee cmt. ("Rule 42 empowers the court, in order to avoid inconvenience or prejudice to a party, to order separate trials of one or more cross-claims, counterclaims, etc. Rule 13.09 empowers the court to enter judgment on a cross-claim or counterclaim, even though the claims of the opposing party have been already disposed of.")). Thus, we were not persuaded by the plaintiff's argument that the claims subject to the appeal from the general sessions court and the claims raised in the counterclaim were "inextricably linked, such that the dismissal of the general sessions appeal likewise demands dismissal of the permissive counterclaim." **Id.** at 351.

The same is not true here. As an initial matter, as previously discussed, Chimneyhill sought, and received, additional compensation beyond the original general sessions court judgment for work performed in that court. Thus, unlike the counterclaims at issue in **Memphis Guitar Spa**, the claim for additional compensation in the trial court was "linked" to the general sessions court claim.

Even more importantly, both **Memphis Guitar Spa** and **Bevels** relied on Rule 13.09's requirement that the dismissal of one party's claims did not mandate dismissal of any cross-claims or counterclaims filed by the opposing party. Rule 13.09 expressly provides that

> If the court orders separate trials as provided in Rule 42, judgment on a counterclaim or cross-claim may be rendered in accordance with the terms of Rule 54 when the court has jurisdiction to do so, even if the claims of the opposing party may have been dismissed or otherwise disposed of.

Although Rule 42.02 allows separate jury trials of "one or more claims, cross-claims, counterclaims, or third-party claims[,]" Rule 13.09 expressly limits the protection against dismissal only to "counterclaim[s] or cross-claim[s]" of the opposing party. *Compare* Tenn. R. Civ. P. 42.02 ("The court for convenience or to avoid prejudice may in jury trials order a separate trial of any one or more claims, cross-claims, counterclaims, or third-party claims, or issues on which a jury trial has been waived by all parties. For the same purposes the court may, in nonjury trials, order a separate trial of any one or more claims, cross-claims, counterclaims, third-party claims, or issues."), *with* Tenn. R. Civ. P. 13.09. We presume that the decision to limit the ambit of Rule 13.09 to only counterclaims or cross-claims was intentional. *See* **State v. Welch**, 595 S.W.3d 615, 623 (Tenn. 2020) (quoting

- 16 -

***State v. Loden***, 920 S.W.2d 261, 265 (Tenn. Crim. App. 1995)) ("The canon of statutory construction *expressio unius est exclusio alterius* provides that 'where the legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the legislature acted purposefully in the subject included or excluded.'"); *see also **Thomas v. Oldfield***, 279 S.W.3d 259, 261 (Tenn. 2009) ("Although the rules of civil procedure are not statutes, the same rules of statutory construction apply in the interpretation of rules.").

Chimneyhill's purported additional claim, however, did not constitute a cross-claim or counterclaim. *See **Black's Law Dictionary*** 402 (9th ed. 2009) (defining a "counterclaim" as "[a] claim for relief asserted against an opposing party after an original claim has been made"); ***Black's Law Dictionary*** at 433 (defining a "cross-claim" as "[a] claim asserted between codefendants or coplaintiffs in a case"). It is therefore apparent that the situation presented here is not covered by the plain language of Rule 13.09, nor the cases relying upon it. Chimneyhill has cited no similar rule of civil procedure that explicitly saves additional claims filed by a party following an appeal from the general sessions court by an opposing party. Instead, the controlling authority on that subject is undoubtedly ***Crowley***.

We recognize that this opinion appears to create an anomalous result solely based on the position of the party asserting additional claims: new claims asserted by a plaintiff who did not appeal a general sessions court judgment will be dismissed upon dismissal of the appeal of the opposing party, while the same is not true of a counterclaim or cross-claim filed by a defendant in the same situation. We note, however, that as an intermediate appellate court, we are not at liberty to depart from the precedential decisions handed down by our supreme court. *See **Schultz' Est. v. Munford, Inc.***, 650 S.W.2d 37, 39 (Tenn. Ct. App. 1982) ("Since the issue before us has been passed on by the Supreme Court and since we are an intermediate appellate court, we are not at liberty to depart from precedent decisions."). ***Crowley*** is clearly applicable here and requires the dismissal of the additional claims raised by Chimneyhill in light of its decision not to appeal the general sessions court's decision and Mr. Chow's decision to dismiss his appeal.

Moreover, it must be noted that the position of the party asserting a claim is not an insignificant fact. The plaintiff, unlike a defendant or cross-plaintiff brought into a case by another party, is the master of his or her complaint. *See **Mullins v. State***, 294 S.W.3d 529, 540 (Tenn. 2009) (citing ***Caterpillar Inc. v. Williams***, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (Tenn. 1987)) ("Plaintiffs are the masters of their complaint and may choose to file it either in state or in federal court subject to applicable rules of jurisdiction and venue."). Here, it was Chimneyhill's decision to file its claim in the general sessions court and to only raise its claims for delinquent home owner's association dues, late charges, attorney's fees, and assessments in that initial action. According to Chimneyhill's amended complaint, however, the alleged unauthorized repair occurred in September 2015; the additional claim raised by Chimneyhill was therefore in existence at the time it filed its

general sessions court action, but Chimneyhill voluntarily chose not to raise that claim at that time. And having been awarded less than the $25,000.00 jurisdictional limit allowed in general sessions court, despite apparently incurring attorney's fees that were not compensated by the general sessions court judgment, Chimneyhill chose not to file its own notice of appeal. Under *Crowley*, it was therefore Chimneyhill's own decisions that resulted in Chimneyhill's additional claims being dismissed when Mr. Chow chose to dismiss his appeal.[11]

In sum, section 27-5-107 expressly provides that when an appeal is dismissed by the appellant/defendant, the appellee/plaintiff "is entitled to an affirmance of the judgment below, with costs."[12] The Tennessee Supreme Court has interpreted this language as mandatory. *See Crowley*, 343 S.W.3d at 34 (stating that the court "must affirm" in this situation). Here, Mr. Chow was the only party to perfect an appeal under section 27-5-108. Under the controlling authority in *Crowley*, when Mr. Chow filed his notice of dismissal of his appeal, the trial court was required to dismiss the appeal and affirm the judgment of the general sessions court. *Id.* at 35. No other actions were permitted under the relevant statutes in place at the time that Mr. Chow perfected his appeal and no additional damages may be awarded to Chimneyhill.[13] The judgment of the trial court is therefore reversed to the extent that it awarded Chimneyhill $36,540.00 in additional compensation for the attorney's fees it incurred. For the same reasons, Chimneyhill's request for attorney's fees incurred on appeal is respectfully denied.

The question of discretionary costs is less clear. Discretionary costs can be awarded to prevailing parties under Rule 54.04(2) of the Tennessee Rules of Civil Procedure. *Compare* Tenn. R. Civ. P. 54.04(1) (involving "[c]osts included in the bill of costs prepared by the clerk," which "shall be allowed to the prevailing party"), with Tenn. R. Civ. P. 54.02(2) (involving certain "costs not included in the bill of costs prepared by the clerk," which are "allowable only in the court's discretion"). As this Court has explained,

> When deciding whether to award discretionary costs under Tenn. R. Civ.
> P. 54.04(2), the courts should (1) determine whether the party requesting
> the costs is the "prevailing party," (2) limit awards to the costs specifically
> identified in the rule, (3) determine whether the requested costs are necessary
> and reasonable, and (4) determine whether the prevailing party has engaged

---

[11] We note that any harsh result created by this decision will be short-lived. As previously discussed, section 27-5-108 has been amended to provide that cross-appeals are not required to appeal general sessions court judgments. While this rule is of no benefit to Chimneyhill, it will benefit appellees in future cases.

[12] Although the language of the statute utilizes only "appellant" and "appellee," the Tennessee Supreme Court has clarified that "a plaintiff's dismissal or 'nonsuit' of an appeal from a general sessions judgment does not require an affirmance of the judgment." *Crowley*, 343 S.W.3d at 34 (citing *Kirby v. Cramer*, 219 Tenn. 447, 410 S.W.2d 724, 725 (Tenn. 1967) (per curiam)).

[13] This, of course, includes any damages related to the claims awaiting adjudication in the trial court.

in conduct during the litigation that warrants depriving it of the discretionary costs to which it might otherwise be entitled. The courts should not, however, base their decisions to award costs under Tenn. R. Civ. P. 54.04(2) on (1) a desire to punish the losing party, (2) whether the prevailing party is the plaintiff or defendant, or (3) the weight given to a particular witness's testimony.

*Massachusetts Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35–36 (Tenn. Ct. App. 2002) (footnotes omitted). As previously discussed, section 27-5-107 provides that when an appeal from the general sessions court is dismissed, "the appellee is entitled to an affirmance of the judgment below, with costs." Thus, the governing statute clearly provides that circuit courts have subject matter jurisdiction to award costs to the appellee when an appeal of a general sessions court's judgment is dismissed. The only question, then, is whether these costs include only the mandatory costs required under Rule 54.04(1) or also the discretionary costs allowed under Rule 54.04(2).

The construction or interpretation given to Tennessee rules and statute is an issue of law. *See* *State v. Dycus*, 456 S.W.3d 918, 924 (Tenn. 2015) (citations omitted) (stating that de novo review applies to issues of statutory interpretation); *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009) (citation omitted) (stating that interpretation of the Tennessee Rules of Civil Procedure is a question of law to which de novo review applies; "Although the rules of civil procedure are not statutes, the same rules of statutory construction apply in the interpretation of rules.").

No court has ever held that the costs allowed under section 27-5-107 either include or do not include both discretionary and non-discretionary costs. Instead, the only case to consider the overlap of section 27-5-107 and Rule 54.02(2) is once again *Crowley*. In that case, the circuit court awarded the plaintiffs $1,808.10 in discretionary costs. The Tennessee Supreme Court, however, did not expressly evaluate the propriety of the award, as it was not appealed. *Crowley*, 343 S.W.3d at 34 n.1. While not dispositive of the issue of whether the statute allows discretionary costs in addition to mandatory costs, the *Crowley* opinion is helpful in one respect: it confirms that this question does not implicate subject matter jurisdiction. Importantly, "subject matter jurisdiction cannot be conferred by waiver or consent[.]" *McCarver v. Ins. Co. of State of Pennsylvania*, 208 S.W.3d 380, 383 (Tenn. 2006). Thus, the fact that our supreme court did not disturb the discretionary costs award in light of the parties' failure to raise it as an issue indicates that this question does not implicate subject matter jurisdiction, particularly given that the circuit court's authority to act was the central issue in *Crowley*. Consequently, any objection as to the propriety of the discretionary costs awarded here can be waived.

Here, Chimneyhill raised a request for discretionary costs in its Janaury 29, 2020 supplemental brief in support of partial summary judgment. An affidavit attached to that filing noted that Chimneyhill had incurred a total of $3,728.28 in discretionary costs,

including court reporter services, alias subpoenas, and Chimneyhill's property manager/bookkeeper's time dealing with the litigation. Although Mr. Chow asserts on appeal that these fees should not be allowed following a dismissal under Tennessee Code Annotated section 27-5-105, he did not take the same position in the trial court. Rather, in Mr. Chow's January 29, 2020 memorandum related to the notice of dismissal, Mr. Chow asserted that there was no authority under Tennessee law "that the [p]laintiff would be entitled to compensation of any kind including any attorney's fees with the only possible exception being discretionary costs and nothing else!"[14] Mr. Chow later reiterated that Chimneyhill was "NOT entitled to compensation of any kind for the delay in filing the Notice to Dismiss **except discretionary costs**." (emphasis added). Nothing further was filed by Mr. Chow objecting to the award of discretionary costs as a general matter or as to the specific fees sought by Chimneyhill. Instead, it appears that the first time Mr. Chow objected to the fees in a general sense was in this appeal; the first time that Mr. Chow raised any specific objection as to the fees requested to be awarded was in his reply brief.[15] Generally, issues may not be raised for the first time on appeal. *See, e.g.*, ***Barnes v. Barnes***, 193 S.W.3d 495, 501 (Tenn. 2006) ("Issues not raised in the trial court cannot be raised for the first time on appeal."); ***Main St. Mkt., LLC v. Weinberg***, 432 S.W.3d 329, 337 n.4 (Tenn. Ct. App. 2013) ("Issues not raised at trial will not be considered for the first time on appeal."). Rather, where a party did not first raise an issue in the trial court, "he has waived his right to argue this issue for the first time on appeal." ***In re M.L.P.***, 281 S.W.3d 387, 394 (Tenn. 2009). In the same vein, issues are generally waived when raised for the first time in a reply brief. *See* ***Owens v. Owens***, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007) ("A reply brief is a response to the arguments of the appellee. It is not a vehicle for raising new issues.").

In our view, during the trial court proceedings, Mr. Chow essentially acquiesced to the award of discretionary costs as proper under section 27-5-107. Moreover, nothing in the record indicates that he objected to the specific costs requested by Chimneyhill in the trial court. *See generally* ***Jefferson***, 104 S.W.3d at 36 ("Once a party seeking costs under Tenn. R. Civ. P. 54.04(2) has filed its motion, the non-moving party may present evidence and argument challenging the requested costs. The party who takes issue on appeal with a trial court's decision regarding discretionary costs has the burden of showing how the trial court abused its discretion.").[16] As such, we conclude that he has waived any objection to the trial court's decision to award Chimneyhill $3,728.28 in discretionary costs. The trial court's decision as to discretionary costs is affirmed. All other issues are pretermitted.

---

[14] Mr. Chow's counsel in the trial court rather enjoyed the use of exclamation points. Mr. Chow is represented by different counsel in this appeal.

[15] In particular, Mr. Chow asserted that the fees charged by Chimneyhill's bookkeeper were not proper under Rule 54.04. Other than Rule 54.04, no law was cited to support this argument.

[16] Mr. Chow initially argued that Chimneyhill did not seek discretionary costs in the trial court, as no evidence of such a request was included in the appellate record. However, following the filing of Mr. Chow's brief, Chimneyhill properly supplemented the appellate record with its January 29, 2020 filing in which it did request an award of discretionary costs.

## IV. CONCLUSION

The judgment of the Shelby County Circuit Court is reversed in part, affirmed in part, and this cause is remanded for the entry of an order affirming the Shelby County General Sessions Court's judgment in full. Costs of this appeal are taxed to Appellee Chimneyhill Condominium Association, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE